46632. HORNSBY v. THE STATE.

PER CURIAM. Hornsby, appealing from a judgment of conviction and sentence for the offense of possessing marijuana, enumerates the denial of a motion to suppress evidence as error. The motion was made on the ground that the search warrant which produced the evidence was issued without the requisite showing of probable cause.

We agree with the appellant. The affidavit presented in support of

the application for the search warrant recites: "The affiant has received information from a reliable but confidential source that there is now stored at the above described residence approximately ten pounds of marijuana. . . [Here are set forth facts tending to substantiate the informer's reliability.]"

Considerably less is required to show probable cause for search or arrest than is required to prove guilt. Draper v. United States, 358 U. S. 307, 311 (79 SC 329, 3 LE2d 327). Probable cause for the issuance of an arrest or search warrant may be founded upon hearsay. *Strauss v. Stynchcombe,* 224 Ga. 859, 863 (165 SE2d 302); *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647). But where the hearsay of an informant is relied upon, "[t]he affidavit . . . must give the reasons for the informer's reliability and must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473), citing Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), and Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723). And see United States v. Harris, 403 U. S. 573 (91 SC 183, 29 LE2d 723).

The reliability of the informer is not in issue. However, the affidavit, as will be seen upon reading, is clearly deficient as to *how* the informer obtained the information. While it is not necessary that all the information relied upon in seeking a warrant must appear within an affidavit (e.g., a magistrate may give consideration to oral testimony, *Marshall v. State,* 113 Ga. App. 143, 145 (147 SE2d 666)), the record in this case shows that no reliance was placed upon anything other than the affidavit.

The trial court erred in denying the motion to suppress evidence.

*Judgment reversed. Hall, P. J., Eberhardt and Evans, JJ., concur. Whitman, J., not participating.*

ARGUED OCTOBER 5, 1971—DECIDED OCTOBER 28, 1971.

*Wesley R. Asinof, Jack Paller,* for appellant.
*Richard Bell, District Attorney, James E. Baker,* for appellee.