### 47894. FOWLER et al. v. THE STATE.

BELL, Chief Judge. The defendants were convicted of possession of less than one ounce of marijuana. Their

pretrial motion to suppress evidence was denied. The search warrant authorized the search of the person of "John Doe" and the premises described as Room 124, Pritchard Hall, West Georgia College, Carrollton, Georgia. The affidavit to support the warrant issued stated that the affiant had received information from an informant "who has in the past given reliable information that in Room 124, Pritchard Hall, West Ga. College, Carrollton, Georgia, there is being concealed Marijuana and other Dangerous and Prohibited drugs." The affidavit was executed by James T. Hallman, as an investigator, West Georgia College Police. At the motion to suppress hearing, Officer Hallman testified that he was a member of the West Georgia College Police and that at the same time he was also a deputy sheriff of Douglas County, Georgia. The justice of the peace who issued the warrant testified that in addition to the information contained in the affidavit, Officer Hallman gave sworn oral testimony to the effect that the reliable informant had given information in the past that had led to three drug arrests and that the informant had stated to Hallman on the 24th of September, the day previous to the search, that he had seen drugs in this particular room within the past three days. There is also evidence in the record that upon the execution of the warrant the marijuana was found in a bureau drawer in Room 124 of Pritchard Hall. *Held:*

(a) We would have no hesitancy to rule that this warrant was invalid if the search had been limited to the search of the person for no other reason than for lack of identifying circumstances as to a description of the person to be searched. A John Doe warrant with no other description which would sufficiently permit a prudent officer with a search warrant to be able to locate the person with reasonable certainty is fatally defective. See *Fomby v. State,* 120 Ga. App. 387 (170

SE2d 585) and *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171). However, the evidence shows that the incriminating evidence was found as a result of the search of the premises described in the warrant as opposed to the person. The description of the premises was sufficient for it particularly gave an exact location. Thus the warrant was not a general warrant as it related to the premises searched.

(b) The affidavit upon which the search warrant was based does not cite sufficient facts upon which a determination of probable cause could be made by the issuing magistrate, for it fails to show whether the informant's hearsay was current or stale; fails to establish any basis for the informant's reliability and how he obtained his information. See *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447) and *Hornsby v. State,* 124 Ga. App. 724 (185 SE2d 623). However, the information supporting the finding of probable cause may be presented to the magistrate by means of an affidavit or by oral testimony. *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666). The magistrate testified that he received oral testimony from Officer Hallman that the informant had seen the drugs within this room within about three days from the date of the application for the warrant; that he had furnished information in the past on three occasions that led to drug arrests; and that the informant had personally observed the prohibited matter. Thus, the affidavit and the oral testimony taken together were sufficient to make a showing of probable cause.

(c) Another issue is whether the officer who applied for the warrant was authorized to do so. He testified that he was a member of the West Georgia College Police Department and also at the same time a deputy sheriff in a neighboring county. Code Ann. §§ 27-303 and 27-314 clearly provide that any officer of the state or its political subdivisions charged with the duty of enforcing the criminal laws may apply for a search

warrant. Thus, Officer Hallman was clearly authorized as a deputy sheriff to seek the search warrant. It is therefore unnecessary to decide whether a campus policeman may apply for a search warrant.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED FEBRUARY 5, 1973 — DECIDED FEBRUARY 21, 1973 — REHEARING DENIED MARCH 14, 1973 —

*Harrison & Garner, G. Hughel Harrison,* for appellants.
*Eldridge W. Fleming, District Attorney,* for appellee.