## 48248. CAUDELL v. THE STATE.

PANNELL, Judge. This is an appeal from the overruling of a motion to suppress certain evidence seized under a search warrant. The affidavit was sworn to by a police officer on December 5, 1972, and stated that the affiant had cause to believe one Raymond Smith had in his possession at a numbered apartment at a certain address, "MDA, marijuana, and other dangerous drugs" and "the probable cause on which the belief of the affiant is based is as follows: That on October 31, 1972, an undercover agent purchased 5 grams of MDA for $100 from Raymond Smith at the above described address and that the undercover agent observed drugs being kept in the apt. at the same time he purchased drugs from Raymond Smith. The undercover agent had several conversations with Raymond Smith about the purchase of drugs and the conversation on 12/5/72 the undercover agent made a deal with Raymond Smith about the purchase of drugs and the conversation on 12/5/72 the undercover agent made a deal with Raymond Smith to purchase 1 oz. of MDA for $330 at the above described apt. on 12/5/72. Due to the fact that drugs were sold to the undercover agent and that Raymond Smith had been arrested in July, 1972 on drug violation and that the undercover agent made a deal with Raymond Smith to purchase drugs on 12/5/72 at his apt., the affiant believes drugs are presently being kept and the above described apt."

The planned sale was made and the search followed. The apartment was a three-bed apartment occupied by the defendant and two others, the two others being Raymond Smith and Terry Roach. The property seized was listed as follows: "1 Address Book; 1 clear vile containing marijuana; 1 bottle containing roach butts; several personal papers; pipe w/ residue; 1 red and black capsule; 1 prescription bottle w/ marijuana and seeds and red capsule; 3 Green and black capsules; 1 brown tablet; 1 plastic bag w/ marijuana and 1 pipe residue; 2 telephones."

One of the raiding officers testifed that in one bedroom they found in a drawer "various bills, paper work with his [defendant's] name and pay check stubs, stuff like that in the drawer where we found some pipes and marijuana."

Assuming, without deciding, that the information of what accused

did on October 31, 1972, and what was in his apartment on that date may have been stale information, the deal to buy drugs made with the informant on December 5, 1972, and reported to the affiant on that day and the warrant taken out on that day, and the search made on that day, was not "stale" information. Nor was there a lack of showing the reliability of the informant. He was described as an undercover agent, a term usually applied to a police officer operating in plain clothes. A police officer is presumed to be reliable. United States v. Brooks, 416 F2d 1044, 1048.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JUNE 1, 1973 — DECIDED JUNE 15, 1973.

*Spence & Knighton, Judson R. Knighton,* for appellant.
*Paul F. Carden, Solicitor, Herbert A. Rivers,* for appellee.