## 48961. THE STATE v. CAUSEY.

PANNELL, Judge.

This is an appeal, with certificate for review, by the state from the order of a trial judge sustaining the defendant's motion to suppress.

The affidavit stated that the affiant had probable cause to believe that Eugene (Dink) Causey had committed a crime and that he had in his possession certain articles, etc., or things "that constitute tangible evidence of the commission of the crime of *Theft by Receiving Stolen Property* that said tangible evidence is comprised of *Fruits of the crime of the theft of a shipment of assorted shipment of clothing; traveral [sic] sport coats, suits, dresses, swim ware, handbags, taken 21 July, 1972, Tucker, Ga.* and that said evidence is presently concealed on the person of the named accused and on the premises located at *26 Cresent Ave. a white asbestos siding house being last house on right traveling east from Cave Spring St., before Plant St. intersection. (Plant St. - Street leading to Hopewell Church).*

"The probable cause on which the belief of the affiant is based is as follows: *Affiant states under oath, that on the 21st July 1972 a shipment of clothing was taken in Tucker, Ga. and the clothing being a shipment to Sears & Roebuck Co. Atlanta, Ga. Affiant states he working with Det. Tom Kennedy of Chattanooga, Tenn. police dept. have come into possession of a quantity of the clothing taken in the Sears shipment on the 21st July, 1972. Affiant states that on this date a person was observed at the Causey residence who went into the residence empty handed and when he come out, had a large quantity of clothing and left the house with Jackets, pocket books, house coats, and these items were identified as being a part of the shipment by C. O. Hestley of Sears Security, Atlanta, Ga. and Paul Lee Sears Security, Chatt. Tenn. Affiant states under oath based on this information and other that was sworn to he has reason to believe that a large quantity of the goods being at Eugene 'Dink' Causey's residence.*

18

Sworn to and subscribed before me on this the *27* day of *October, 1972.*
s/ *Bunyan L Rudd* J.P.
    Judge                                s/ *Lewis Evans*
                                                  Affiant "

The order issuing the warrant recited it was issued upon a finding of probable cause based upon the facts in the affidavit and upon facts submitted under oath, in addition to those in the affidavit. The magistrate knew that the affiant was a Police Officer of the State of Georgia and affiant was the only person who testified before him. The magistrate testified as to what occurred and what was said on oath to him prior to the issuance of the warrant substantially as follows: that after administering an oath to the affiant, he talked to the affiant about 20 minutes about the case, that the affidavit was a condensation of all the facts testified about; *that the affiant testified that two named Police Officers of Chattanooga, Tenn., observed a person going into and coming from the premises searched, going in with nothing and coming out with goods subsequently identified as part of those belonging to Sears & Roebuck taken in the Tucker theft; that the name of the observed person was also given though not written into the affidavit so as to protect this informer; this information was given to affiant by these two officers (who were present though not sworn and questioned) and that all of this happened on the date the affidavit was made and the warrant was issued.* There was also testimony that this affiant was alerted by another Georgia Police Officer who had been working with the Chattanooga, Tenn. officers by information that a man had been arrested in Tennessee who had sold in Tennessee certain items from the Tucker larceny belonging to Sears, which had been identified as such property by certain named employees of Sears & Roebuck and that these Chattanooga officers and the person arrested were coming down to see and have pointed out to the officers the place from which he secured the merchandise. The following testimony of the magistrate as to a part of what affiant had testified prior to issuance of the search warrant was stricken from the evidence and

not considered by the trial judge: "Mr. Lewis Evans stated to me that he had been contacted by, I don't recall the name, of some other officer of the D.O.I. of the State of Georgia that had worked closely with these Chattanooga police officers in previous cases that — in the Chattanooga area there, someone was coming there and selling clothing, and they had made some buys there at this time. A person in Chattanooga had been charged with selling this clothing, and they had been checked out with the security officer in Chattanooga that worked for Sears Roebuck and Company, because they had Sears labels in them, and these clothing that were being sold there were part of a shipment of clothing that had been stolen or taken in Tucker, Georgia. And one of the things that they identified these things by was the make of some type of jacket, Olympic sports jacket. They said at this time these jackets were not on sale anywhere in this shipment that was taken. This was — I don't know whether it was a cut or type of sport jacket, sport coat, and the security in Chattanooga, Tennessee had stated these were not for sale anywhere else, except they were on this shipment."

This subsequent portion of the statement of facts relates to the actual search and seizure and particularly to the question of whether the seizure of articles, not those identified to the Sears theft, was of such a general nature and so unauthorized as to make the total seizure, including the Sears items, an illegal seizure.

Officer Barnett, Superintendent of Detectives in the City of Rome, testified that he and the other officers went to the described premises and when no one answered, they raised a window and entered, and thereafter searched the premises, leaving a copy of the warrant on the mantel in one room. He further testified that the dwelling house, while a dwelling house inside, it was not set up as a residence, there was no bedroom or anything of that type in the house, there were no beds set up to sleep on or any part of the house that could be called livable, to move about in, sit down, or go to bed to sleep; there were boxes stacked to the ceiling on which labels, or a portion thereof had been cut out, dresses on racks, wall to wall; that the stolen Sears merchandise was

located in spots all over the house and the representatives of Sears, Roebuck & Company were there to identify it. He further testified that they took everything in the house except an old table and chair; that a few of the items were of a kind on which they had had previous recent reports of theft; that the defendant had a reputation of being a fence for stolen goods and the premises looked like a warehouse, and for these reasons they took and seized all of the other items. Pictures of the premises tended to bear out this view.

1. Probable cause for the issuance of a search warrant, on a motion to suppress may be shown by the affidavit attached to the warrant, together with evidence of the sworn testimony adduced before the issuing magistrate. *Campbell v. State,* 226 Ga. 883, 885 (178 SE2d 257); *Hornsby v. State,* 124 Ga. App. 724 (185 SE2d 623); *Fowler v. State,* 128 Ga. App. 501, 503 (197 SE2d 502); *Butler v. State,* 130 Ga. App. 469, 470 (1) (203 SE2d 558). "In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical, they are the factual and practical considerations of everyday life in which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162 (45 SC 280, 69 LE 543, 39 ALR 790). See also Draper v. United States, 358 U. S. 307, 313 (79 SC 329, 3 LE2d 327). When a police officer is the informant the reliability of the informant is presumed as a matter of law. *Caudell v. State,* 129 Ga. App. 229 (199 SE2d 550). The evidence adduced before the magistrate was amply sufficient to authorize a finding of probable cause by the issuing magistrate. The search warrant was not invalid for lack of probable cause.

2. The description of the article sought to be searched for and seized was sufficiently definite in the present case. The description of contraband may be given in less detail than other articles. See Steele v. United

States, 267 U. S. 498 (45 SC 414, 69 LE 757). As was said by the Florida District Court in State v. Bryant, 250 S. 2d 344, 346, "[W]e initially perceive 'contraband' to be any substance, article or thing, the making, possession or trafficking of which is unlawful. Furthermore, such substance, article or thing may be 'contraband' by its very nature, such as counterfeit currency, narcotic drugs or moonshine whiskey, while other articles or things are 'contraband' depending upon the circumstances under which they are made, possessed or circulated. This latter category would include stolen goods . . ." See also, The State v. Griffin 84 N.J. Super. 508 (202 A2d 856); Williams v. State, 216 Miss. 158 (61 S2d 793). In accord, see *Dugan v. State*, 130 Ga. App. 527, 532 (203 SE2d 722). The search warrant was not invalid for lack of description of the articles to be seized, and the trial judge erred in so holding.

3. Part of the testimony of the magistrate, given on the motion to suppress in the trial court, delineating the sworn testimony as delivered to him before the magistrate found probable cause existed and issued the search warrant in question, was excluded from evidence on the motion to suppress upon objection by the defendant that this particular testimony consisted of hearsay, upon hearsay, upon hearsay. Whether or not this objection stated a meritorious reason as to why this particular testimony did not authorize a finding of probable cause, or whether the testimony was admissible as a report of the results of a police investigation to the affiant, and credible and reliable as such (see *Underhill v. State*, 129 Ga. App. 65, 68 (198 SE2d 703); *Summerville v. State*, 226 Ga. 854 (1) (178 SE2d 162)), it is not necessary to decide, this for the reason that a trial judge in a hearing on a motion to suppress certain evidence on the grounds that there was no probable cause for issuing the search warrant is duty bound to consider all of the sworn testimony given to the magistrate, whether it be favorable or unfavorable to the finding of probable cause. See, *Hornsby v. State*, 124 Ga. App. 724 (185 SE2d 623). As we have held that the magistrate, even without considering this evidence, was clearly authorized to find that probable cause existed for the issuance of the

warrant, and we are reversing the trial judge for sustaining the motion to suppress, it is not necessary to also reverse for his failure to consider the evidence objected to.

4. Was there probable cause to believe other items, not the Sears merchandise, were stolen goods? Where probable cause exists the seizure of items, other than those described in the search warrant is authorized. See *DePalma v. State,* 228 Ga. 272 (4b) (185 SE2d 53); Warden v. Hayden, 387 U. S. 294, 307 (87 SC 1642, 18 LE2d 782). In order for such an item to be subject to seizure there must be a nexus between the item and criminal behavior. In the case of fruits or instrumentality of crime, or contraband, the very nature of the item automatically provides a requisite nexus. In the case of mere evidence of crime, probable cause for the seizure of the item must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction, and consideration of police purposes will be required. However, the mere suspicion or expectation that an item may prove in some *unknown way,* incriminating to a defendant is not sufficient justification for the seizure of the item. See Warden v. Hayden, 387 U. S. 294, supra. The dwelling here had the appearance of a warehouse with racks of dresses running from wall to wall, rooms piled high with boxes and some of these dresses and boxes and other items were identified at the scene as stolen from Sears, Roebuck & Company, described in the search warrant; and the defendant had a reputation as a fence for stolen goods. All of these factors were, in our opinion, sufficient probable cause to believe other items stored on the premises were also stolen. See *Dugan v. State,* 130 Ga. App. 527, 531-532 (203 SE2d 722). The officer is not required to *know* the goods to be stolen property at the time they are seized. *Campbell v. State,* 226 Ga. 883, 888 (178 SE2d 257). That there were a number of items, such as one of a kind items generally found in households, as dirty laundry, junk, flour, etc., which were also seized does not taint the seizure of the other items here involved. The record discloses those items and others not subsequently identified with any particular theft have been returned

to the defendant. In order for the seizure of these items to taint the seizure of the Sears items and the other items seized with probable cause, the evidence must disclose that the Sears items and the other items seized with probable cause were seized or acquired as the result of the items illegally seized. Silverthorne Lumber Co. v. United States, 251 U. S. 385 (40 SC 182, 64 LE 319, 24 ALR 1426). This is not the case here.

Further, because the Sears, Roebuck & Company property described in the search warrant was in various rooms in the house, a general search of the house was authorized so no question of an unauthorized general search is involved. In all of the cases relied upon by defendant it appears that the items suppressed were seized in areas where no search was authorized or where there was no probable cause for the seizure, most of them being cases of an authorized arrest and then a search and seizure beyond the area permitted under the circumstances, or where the warrant was invalid. See Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564); Kremen v. United States, 353 U. S. 346 (77 SC 828, 1 LE2d 876); Von Cleef v. New Jersey, 395 U. S. 814 (89 SC 2051, 23 LE2d 728); United States v. Dichiarinte 445 F2d 126, 130; Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685); Stanley v. Georgia, 394 U. S. 557, 572 (89 SC 1243, 22 LE2d 542); Stanford v. Texas, 379 U. S. 476 (85 SC 509, 13 LE2d 431); Hernandez v. People, 153 Colo. 316 (385 P2d 996).

The trial court erred in sustaining the motion to suppress.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*

Submitted January 14, 1974 — Decided May 15, 1974 — Rehearing denied May 30, 1974 — ▮

*F. Larry Salmon, District Attorney,* for appellant.
*Clary & Kent, Horace T. Clary, Cook & Palmour, Bobby Lee Cook,* for appellee.