60246. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in separate counts for possession of marijuana, a felony; possession of phencyclidine (PCP), and possession of lysergic acid diethylamide (LSD), also felonies. All of these are controlled substances, and the defendant was charged with possessing same in violation of the Georgia Controlled Substances Act. The items were seized from defendant's automobile after he had been arrested on traffic charges and a search warrant obtained to search the vehicle which was impounded at the sheriff's office. A motion to suppress the evidence as having been unlawfully seized because the search was conducted in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of Georgia was filed, heard and denied. The case was then scheduled for hearing before the court without a jury, and the defendant attempted to file a separate motion to suppress with reference to a small container or compact (ladies') seized at the time of arrest. The contents had been removed except for a mirror and when seized contained only a small straw and a powdery substance. It was not allowed filed as there was nothing new as to this second motion not covered in the original hearing of defendant's motion to suppress. After a trial, the judge presiding without a jury adjudged the defendant guilty "upon Counts 1, 2 and 3." He was then sentenced as to all three counts to serve a term of four years (one year in the penitentiary and three years to follow on probation upon payment of a fine of $1,000), the sentences to run concurrently. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. At the hearing on the motion to suppress it was disclosed that a deputy sheriff stopped defendant while driving a pickup truck for a speeding violation, and he was arrested for possible driving under the influence and driving without a license as defendant did not have a driver's license in his possession. Prior to placing him in a patrol car defendant was searched to determine if he had any type weapon upon his person. During this frisk the deputy felt a bulgy type object which he thought was a knife, at which time the ladies' compact was discovered. The compact was opened to ascertain the contents, at which time it was found to contain a mirror, a soda straw, and a white powdery residue.

The deputy sheriff of Bryan County transported the defendant to the police station in the City of Pembroke to make a test to determine if the defendant was under the influence of alcohol, but the test results were negative. While the deputy was preparing the citations against him the defendant specifically requested permission to accompany the deputy to his truck to get cigarettes. His actions in obtaining the cigarettes were somewhat suspicious in that after he got the cigarettes out he immediately closed the door to the vehicle. The compact was shown to a police officer who expressed her opinion from her experience and training that the compact was used for sniffing cocaine. Whereupon these officers proceeded to obtain a warrant to search the truck from a judge of the superior court. The police officer testified at the hearing that she swore to the warrant and also advised the judge of additional facts with reference to the arrest and circumstances which were not contained in the affidavit, such as the swaying of the truck before the defendant was stopped, his apparent staggering manner, causing the deputy to believe he was under the influence of drugs or alcohol although no detectable smell of alcohol was on his breath. After obtaining a warrant and searching the vehicle, the drugs cited above were found.

"Probable cause for the issuance of a search warrant, on a motion to suppress may be shown by the affidavit attached to the warrant, together with evidence of the sworn testimony adduced before the issuing magistrate. *Campbell v. State,* 226 Ga. 883, 885 (178 SE2d 257); *Hornsby v. State,* 124 Ga. App. 724 (185 SE2d 623); *Fowler v. State,* 128 Ga. App. 501, 503 (197 SE2d 502); *Butler v. State,* 130 Ga. App. 469, 470 (1) (203 SE2d 558)." *State v. Causey,* 132 Ga. App. 17, 20 (1) (207 SE2d 225).

Under the circumstances here, considering the factual practical considerations of everyday life, the officers as reasonable and prudent men and under the facts and circumstances shown had probable cause to seek the search warrant in search of the drugs. The trial court did not err in overruling defendant's motion to suppress

the evidence. For the same reason there is no merit in the motion to suppress the compact which upon examination showed some evidence of drug use by reason of the police officer's experience, training and knowledge. There is no merit in the plaintiff's contention that the trial court erred in allowing in evidence the contents of the cosmetic compact found on defendant's person.

2. The remaining enumeration of error contends that the trial court erred in allowing the prosecutor to ask leading questions at the hearing on defendant's motion to suppress evidence. It is always within the sound discretion of the trial court to allow leading questions. *Hudson v. State,* 137 Ga. App. 439 (224 SE2d 48). We observe no abuse of discretion by the trial court with reference to the questioning of witnesses at the hearing on the motion to suppress the evidence. Accordingly, there is no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted July 2, 1980 — Decided September 8, 1980.

*Alexander L. Zipperer, III,* for appellant.
*Dupont K. Cheney, District Attorney, James E. Graham, Assistant District Attorney,* for appellee.