A97A1478. McCONVILLE v. THE STATE.
(491 SE2d 900)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with a single count of

possessing marijuana with the intent to distribute. After the denial of his motion to suppress, the case was tried before the Superior Court of Bartow County, Georgia, with the parties stipulating to the evidence as adduced at the suppression hearing.

Only the investigating officers testified at the suppression hearing, and their evidence would authorize the following facts: Deputy Brenton Garmon of the Bartow County Sheriff's Office responded to "a burglar alarm from [defendant's] residence." When Deputy Garmon arrived, he saw "a truck parked in the drive with the [passenger] door open. . . . There was a large U-Haul type van backed right up against the garage." He "assumed someone was burglarizing the house with the door open, and there were some motorcycle parts sitting in the door."

He also observed defendant "inside of the garage. [Defendant] raised the garage door, and he appeared to be holding his breath. He then exhaled, and [Deputy Garmon] could smell the odor of marijuana when he exhaled. [Deputy Garmon] identified [him]self. [Defendant] showed [the deputy] his driver's license which had that address on it, confirmed that [defendant] did live at the residence. And then [Deputy Garmon] told [defendant] that [he] smelled marijuana. [Defendant] then told [the deputy], yes, that [the deputy] did smell it, that he had just a little left. And then [defendant] took [Deputy Garmon] to the back room of [defendant's] garage, [where defendant] had a couple of small leaves of what was suspected to be marijuana in a blue bong [or hookah]. It was still smoking with the odor of marijuana. [Deputy Garmon] then called Sergeant Whitworth."

Sergeant Carlton Whitworth, with the Narcotics Division of the Bartow County Sheriff's Department, arrived and was shown the smoking device and the suspected marijuana. Sergeant Whitworth "read [defendant] his Miranda warning[ and] asked [defendant] for a consent to search his residence, premise and all, and [defendant] said that he would rather for [Sergeant Whitworth] to have a search warrant. So [Sergeant Whitworth] stopped there and [formally] arrested [defendant] for the marijuana he already had. "Approximately two hours later, Sergeant Whitworth returned to execute a search warrant signed by a magistrate. "[I]nside the master bedroom closet was . . . 11 pounds and 7 ounces of marijuana."

The trial court found defendant guilty of possessing marijuana with intent to distribute. Defendant appeals from the judgment of conviction and sentence. He enumerates the denial of his motion to suppress for failure to give timely *Miranda* warnings, and also enumerates the denial of his motion to suppress the evidence seized pursuant to the search authorized by the warrant. *Held*:

1. Defendant contends the trial court erred in failing to suppress the marijuana seized from his garage. He argues he was improperly

questioned because "Deputy Garmon knew immediately, upon smelling marijuana, that an arrest of [defendant] was going to be made and, consequently, any questions after that point should have been asked only after Miranda warnings were given."

In the case sub judice, defendant was at the scene of a residence where a silent burglar alarm had been triggered. Deputy Garmon was authorized to conduct limited interrogation to determine defendant's identity and whether there was danger to the officer or others on the scene. *State v. Overby*, 249 Ga. 341 (290 SE2d 464). But such initial questioning to determine the nature of the situation did not, in our view, amount to custodial interrogation of defendant by Deputy Garmon.

For the proscriptions of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) to apply, "a person must be taken into custody or otherwise deprived of his freedom of action in some significant way." *Lobdell v. State*, 256 Ga. 769, 773 (6) (353 SE2d 799). "In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but 'the ultimate inquiry is simply whether there (was) a "formal arrest or restraint on freedom of movement" of the degree associated with a formal arrest.' [Cits.]" *Stansbury v. California*, 511 U. S. 318, 322 (114 SC 1526, 128 LE2d 293). Since it is undisputed that defendant in the case sub judice had not been formally arrested at the time he responded to Deputy Garmon's statement, the proper inquiry becomes whether he had been "restrained to the degree associated with a formal arrest, not whether the police had probable cause to arrest. [Cits.]" *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16).

We hold that defendant's spontaneous act of leading Deputy Garmon from the top of his driveway to the still-smouldering pipe of marijuana in the back of the garage was not made under coercion or restraint to the degree associated with formal arrest, such that the initial statement of Deputy Garmon that he smelled marijuana did not amount to custodial interrogation. *Lolley v. State*, 259 Ga. 605, 606 (2) (a) (385 SE2d 285). Certainly, defendant's experience in the case sub judice does not fall within that class of cases the Supreme Court of the United States in *Miranda* was particularly concerned with, namely, situations where a suspect is subjected to police interrogation while cut off from the outside world, amounting to incommunicado interrogation in a police-dominated atmosphere. *Carroll v. State*, 208 Ga. App. 316, 317 (2) (430 SE2d 649). Compare *Reinhardt v. State*, 263 Ga. 113, 114 (3) (a) (428 SE2d 333); *State v. Wintker*, 223 Ga. App. 65, 69 (476 SE2d 835).

"In effect, [defendant] would have us rule that once a police officer has probable cause to arrest, he must arrest and *Mirandize*. But that is not the law. Whether a police officer [subjectively] focused

his unarticulated suspicions upon the individual being questioned is of no consequence for *Miranda* purposes. *Stansbury v. California*, 511 U. S. 318[, supra]." *Hodges v. State*, 265 Ga. 870, 872 (2), supra. "The record supports the trial court's finding that statements the defendant made to [Deputy Garmon] at the scene of the [suspected] crime were non-custodial, and therefore admissible even though *Miranda* warnings had not been given. See *Shy v. State*, 234 Ga. 816, 820 (218 SE2d 599) (1975); *Oregon v. Mathiason*, 429 U. S. 492, 495 (97 SC 711, 50 LE2d 714) (1976)." *Norton v. State*, 263 Ga. 448, 450 (5) (435 SE2d 30).

2. Defendant next urges the trial court erred in refusing to suppress the nearly 12 pounds of marijuana discovered in defendant's master bedroom closet during the search conducted pursuant to a warrant. He argues the affidavit and search warrant were fatally defective and failed to establish probable cause sufficient to justify a search of his *residence* because the marijuana and still-smoking bong were located in the detached *garage*.

Despite the delay in appellate consideration of the case sub judice, we have ordered that the record on appeal be supplemented with the affidavit of Sergeant Whitworth as submitted to the magistrate. Sergeant Whitworth recited the following facts in support of the expressed belief that defendant's residence contained marijuana:

"On October 20, 1995 at approximately 1842 hours Deputy Brenton Garmon answered a house alarm call at 6850 Rock Ridge Road. Upon arrival at 6850 Rock Ridge Road, Deputy Garmon went to the right side of the garage. A white male was attempting to raise the garage door, he noticed Deputy Garmon. As Deputy Garmon approached, the white male blew smoke out of his mouth. Deputy Garmon advised that he was there in reference to an alarm call. The white male stated that he lived there and produced a current Georgia Drivers License. The license was in the name of Michael James McConville, with the address of 6850 Rock Ridge Road. Deputy Garmon was satisfied that Mr. McConville was the owner of the residence, Deputy Garmon stated to Mr. McConville that he had smelled Marijuana when Mr. McConville discharged the smoke from his mouth. Mr. McConville stated that he was smoking marijuana and showed Deputy Garmon where the smoking device was located and a small amount of marijuana. Deputy Garmon notified Affiant [Sergeant Whitworth] by phone and advised what had occurred. Affiant traveled to Deputy Garmon's location. Affiant identified the substance as marijuana and asked Mr. McConville for a consent to search. Mr. McConville refused to give consent."

"In determining whether an affidavit sufficiently establishes probable cause, the totality of the circumstances analysis is . . . employed. [Cit.]" *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438).

The issuing magistrate need only conclude there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823). " 'When a police officer is the informant the reliability of the informant is presumed as a matter of law. *Caudell v. State*, 129 Ga. App. 229 (199 SE2d 550).' *State v. Causey*, 132 Ga. App. 17, 20 (207 SE2d 225)." *McNeal v. State*, 133 Ga. App. 225, 228 (2) (211 SE2d 173). "A warrant which authorizes the search of a particular dwelling extends by implication to areas within the curtilage of the dwelling. 'Curtilage' has been defined as 'the yards and grounds of a particular address, its gardens, barns, (and) buildings.' *Norman v. State*, 134 Ga. App. 767, 768 (216 SE2d 644) (1975)." *Landers v. State*, 250 Ga. 808, 809 (301 SE2d 633).

Under the totality of the circumstances in the case sub judice, the personal knowledge of Sergeant Whitworth, a trained investigator, was sufficient to authorize the issuing magistrate's determination that a fair probability existed that contraband would be found at a particular address or location, namely defendant's residence. Moreover, resolution of doubtful or marginal cases in this area should largely be determined by the preference accorded to searches conducted under the auspices of a warrant. *Davis v. State*, 266 Ga. 212, 213, supra. The trial court correctly overruled defendant's motion to suppress the nearly 12 pounds of marijuana discovered in his bedroom closet.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED SEPTEMBER 10, 1997 —

*Jimmy D. Berry, Thomas N. Brunt*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellee.