## A00A0946. ARCE v. THE STATE.
### (538 SE2d 128)

MILLER, Judge.

The question on appeal is whether *Miranda* warnings must precede field sobriety tests during routine roadside questioning, where the detained driver is not under formal arrest but exhibits many physical manifestations of intoxication amounting to probable cause to arrest. We answer in the negative and affirm.

An officer observed Wanda Arce's speeding vehicle make a right turn and slide sideways, travel down the wrong side of the road, turn into a service station, and stop. She jumped out and crouched or squatted beside the car. The officer activated his blue lights, pulled up behind her, and exited his patrol car. As he approached Arce, she stood unsteadily and balanced herself against her car. She smelled strongly of alcohol, had red, glassy-looking eyes, and slurred and mumbled her speech. She admitted to having four drinks.

The officer asked for her driver's license and proof of insurance, neither of which she could find. He asked her to submit to field sobriety tests, to which she consented. She was unable to perform any of the three tests, at which point the officer placed her under arrest. A tow truck immediately arrived to tow her vehicle.

Following a bench trial, Arce was convicted of driving under the influence,[1] having no proof of insurance,[2] and driving left of the centerline.[3] She appeals the denial of her motion to suppress the results of the field sobriety tests, arguing that the officer had her in custody at the time of the tests and thus under *Price v. State*[4] was required to inform her of her *Miranda* rights before administering the tests.

No *Miranda* warnings are required before administering field sobriety tests during a traffic stop unless the suspect is in custody.[5] Here the officer testified that he did not place Arce under arrest until after she completed the field sobriety tests. Arce counters that since the evidence was so overwhelming as to her intoxication and traffic violations, the officer obviously had more than sufficient probable cause to arrest her at the time he asked her to perform the sobriety tests and, therefore, they both understood that she was in custody.

This argument fails for two reasons. First, the officer testified that even though he had seen evidence of impairment, he wanted to do the field sobriety evaluations to see for himself.[6] Second, Arce's argument "would have us rule that once a police officer has probable

---

[1] OCGA § 40-6-391 (a) (1) (less safe driver).
[2] OCGA § 40-6-10 (a) (1).
[3] OCGA § 40-6-40 (a).
[4] 269 Ga. 222, 225 (3) (498 SE2d 262) (1998).
[5] *State v. Peters*, 222 Ga. App. 484 (474 SE2d 623) (1996).
[6] See *Nameth v. State*, 234 Ga. App. 20, 21 (2) (505 SE2d 778) (1998).

cause to arrest, he must arrest and *Mirandize*. But that is not the law."[7] Rather, "the proper inquiry is whether the individual was formally arrested or restrained to the degree associated with a formal arrest, not whether the police had probable cause to arrest."[8] Thus, we have repeatedly held that even though the suspect exhibits obvious and clear signs of intoxication, police during a brief investigatory stop are free to conduct field sobriety tests without first giving *Miranda* warnings.[9]

Here there was no evidence that the officer communicated to Arce anything other than that he was conducting a brief investigatory stop. He communicated no further restraint until he placed her under arrest following the field sobriety tests. Although no evidence shows when the officer called for the tow truck, not until after the field tests did the tow truck appear. Absent the officer making a statement or taking an action that would cause a reasonable person to believe that she was under arrest and not temporarily detained for investigation, the officer's belief that an arrest was imminent or that probable cause existed does not convert the stop into a custodial situation.[10]

The court correctly denied the motion to suppress.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 4, 2000.

*William H. Toler III*, for appellant.

*Gwendolyn R. Keyes, Solicitor, Thomas E. Csider, Lauren E. Waller, Assistant Solicitors*, for appellee.

---

[7] *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16) (1995).

[8] (Citations omitted.) Id.

[9] *Lyons v. State*, 244 Ga. App. 658, 662 (2) (535 SE2d 841) (2000); *Lancaster v. State*, 240 Ga. App. 359, 361-362 (2) (522 SE2d 30) (1999); *Smith v. State*, 236 Ga. App. 548, 550-551 (2) (512 SE2d 19) (1999), rev'd on other grounds, 272 Ga. 83 (526 SE2d 59) (2000); *State v. Kirbabas*, 232 Ga. App. 474, 475-477 (502 SE2d 314) (1998); *State v. Pastorini*, 222 Ga. App. 316, 317 (1) (474 SE2d 122) (1996) (whole court); see *McConville v. State*, 228 Ga. App. 463, 465-466 (1) (491 SE2d 900) (1997).

[10] *Kirbabas*, supra, 232 Ga. App. at 476; accord *Lyons*, supra, 244 Ga. App. at 662 (2); *Lancaster*, supra, 240 Ga. App. at 362 (2).