A05A0536. LODEN v. THE STATE.
(610 SE2d 593)

JOHNSON, Presiding Judge.

Following a bench trial, a judge found Michael Loden guilty of driving under the influence of alcohol to the extent that he was a less safe driver. Loden appeals, contending the trial court erroneously concluded that *Miranda* warnings were not required because he was not "in custody" at the time of the field sobriety tests. We find no error and affirm Loden's conviction.

Viewed in a light most favorable to support the judgment, the evidence shows that a trooper with the Georgia State Patrol observed Loden traveling at a high rate of speed. The trooper confirmed that Loden was exceeding the speed limit through radar and initiated a traffic stop. While speaking with Loden, the trooper detected an odor of alcohol and asked Loden if he had been drinking. Loden initially denied having had any alcohol. The trooper then asked Loden to step out of the car. As the trooper spoke with Loden, Loden revealed that he had had three drinks, then indicated that he had had five drinks.

The trooper administered an alco-sensor test, which indicated the presence of alcohol. The trooper then asked Loden to perform field

sobriety tests, and Loden agreed to the tests. Based on the results of the field sobriety evaluations, as well as the trooper's experience, training and observations, the trooper placed Loden under arrest for driving under the influence of alcohol.

In his sole enumeration of error, Loden contends the trial court erred in concluding that he was not in custody at the time he performed the field sobriety evaluations. Loden argues that despite the fact that he had not been formally arrested at the time of his field sobriety tests, he was effectively in custody; therefore, *Miranda* warnings were required prior to administration of the tests. We disagree.

The trial court found that Loden was not in custody or under arrest until after the trooper completed his DUI investigation. "The issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous."[1] The test for determining whether a person is in custody at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary.[2]

Here, the trooper did not make any statement or otherwise act in such a way that would cause a reasonable person to believe that he was under arrest and not simply temporarily detained for further investigation pursuant to an admission that he had consumed a few drinks.[3] Loden was not handcuffed, secured in the back of a police vehicle or treated in any manner which would raise this investigative stop to the level of an arrest. In addition, Loden voluntarily submitted to the field sobriety evaluations. The trial court's finding that Loden was in custody only after administration of the field sobriety tests is not clearly erroneous.

Moreover, the issue of whether *Miranda* protections attach to the results of field sobriety evaluations has been addressed repeatedly under Georgia law. It is well established that *Miranda* warnings are not required while an investigating officer conducts preliminary questioning or field sobriety tests, but apply only after a DUI suspect is arrested.[4] The record clearly shows that Loden was not arrested until after administration of the field sobriety tests. The trial court properly considered the results of the field sobriety tests in this case.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

---

[1] (Citation and punctuation omitted.) *Harper v. State*, 243 Ga. App. 705, 706 (1) (534 SE2d 157) (2000).

[2] See *State v. Pierce*, 266 Ga. App. 233, 235 (1) (596 SE2d 725) (2004).

[3] See *Harmon v. State*, 253 Ga. App. 140, 141-142 (1) (558 SE2d 733) (2001).

[4] See *State v. Pierce*, supra; *Polizzotto v. State*, 248 Ga. App. 814, 816 (1) (547 SE2d 390) (2001).

DECIDED FEBRUARY 14, 2005.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*N. Stanley Gunter, District Attorney, Kimberly A. Pritchard, Assistant District Attorney*, for appellee.