## A05A1551. KUEHNE v. THE STATE.
### (618 SE2d 702)

BLACKBURN, Presiding Judge.

Following a jury trial, Marshall Kent Kuehne appeals his conviction for driving under the influence to the extent that he was less safe to drive and failure to maintain lane, contending that: (1) the evidence was insufficient to support his conviction for failure to maintain lane; and (2) the trial court erred by improperly charging the jury regarding a horizontal gaze nystagmus (HGN) test given to Kuehne. For the reasons set forth below, we affirm.

1. Kuehne contends that the evidence was insufficient to support his conviction for failure to maintain lane. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Kelly v. State.*[2]

Viewed in this light, the record shows that, in the early morning hours of March 17, 2004, Officer Scott Northrop witnessed Kuehne

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Kelly v. State*, 255 Ga. App. 813 (1) (567 SE2d 36) (2002).

accelerate quickly after stopping at a red light, and as Kuehne continued forward, he began broadly weaving within his lane of traffic. As Officer Northrop followed Kuehne, he witnessed Kuehne driving completely from one side of his lane to the other numerous times. In doing so, Kuehne's wheels at least partially crossed over the center of the white line separating his lane from the next. As a result, portions of his car actually crossed over into the adjacent lane of traffic. Officer Northrop explained that, although the wheels of Kuehne's car never fully crossed the centerline, the body of the car and the rear view mirrors were "actually over the lines" and into the next lane.

Officer Northrop then stopped Kuehne, and as he approached, he noticed the odor of an alcoholic beverage and observed that Kuehne had red, watery eyes. Thereafter, Kuehne admitted that he had consumed a few alcoholic beverages that evening. Although Kuehne refused to take an alco-sensor test, he agreed to an HGN test, a "walk and turn" test, and a test of his ability to recite the alphabet. Kuehne failed all three, and Officer Northrop arrested Kuehne for DUI less safe and failure to maintain lane.

Although Kuehne challenges the sufficiency of only the latter conviction, this evidence was sufficient to support both. See *Jackson*, supra.

2. Kuehne contends that the trial court erred in its instruction to the jury regarding an HGN test given to him by Officer Northrop. Specifically, Kuehne contends that the charge was not adjusted to the evidence because Officer Northrop was never admitted as an expert in conducting the test. We disagree.

The record shows that the trial court charged the jury:

[T]he HGN test is based on the well known and medically accepted principle that nystagmus can be caused by the ingestion of alcohol. The HGN test is an accepted, common procedure that has reached a state of verifiable certainty in the scientific community and is admissible as a basis upon which an officer can determine that a driver was impaired by alcohol.

We have indicated the propriety of this charge in earlier cases. See, e.g., *Baker v. State*.[3]

Nonetheless, Kuehne argues that the charge was improper because the testifying officer had not been accepted by the trial court

---

[3] *Baker v. State*, 252 Ga. App. 695, 704 (4) (556 SE2d 892) (2001).

as an expert in the administration of the HGN test and the instruction somehow allowed the jury to assume that the officer was, in fact, an expert.

This argument fails for several reasons. First, nothing in the charge given to the jury informed it that the testifying officer could be considered an expert. Second, the jury was presented with evidence that the officer had conducted the test approximately 300 times in the prior year alone. As such, there was no question that the officer was thoroughly conversant with the HGN test. Third, the record makes it clear that Kuehne's main contention in this matter was that, despite his prior training in administering the HGN test, Officer Northrop was performing the test improperly. Kuehne raised this point at length in his cross-examination of Officer Northrop and argued it vociferously in his closing. These arguments, which were properly made, went to the weight of the HGN results, not their admissibility, and nothing in the challenged jury instruction prevented the jury from properly considering Kuehne's arguments that the test had been performed improperly. See generally *Hawkins v. State*.[4]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JULY 27, 2005.

*Tina M. Richards*, for appellant.
*Barry E. Morgan, Solicitor-General, Lynne G. Voelker, Assistant Solicitor-General*, for appellee.

---

[4] *Hawkins v. State*, 223 Ga. App. 34, 38 (1) (476 SE2d 803) (1996).