A06A0210. CONNELL v. THE STATE.
(631 SE2d 456)

MILLER, Judge.

Following a bench trial, Johnny Pate Connell was convicted of possession of cocaine and possession of an open container of alcohol in a motor vehicle. On appeal, he contends that the trial court erred in denying his motion to suppress a statement that he made to police at a traffic stop. We discern no error and affirm.

Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

---

This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

The record reveals that a Mitchell County police officer received information from a confidential informant that Connell would be traveling south on Gravel Hill Road in a bluish green sedan with marijuana and crack cocaine in his possession. The informant also told the officer that Connell would turn onto Moore Hill Road. The officer drove to the intersection of Gravel Hill and Moore Hill, where he saw Connell, in a bluish green sedan, turn onto Moore Hill from Gravel Hill. The officer also saw Connell take a drink from a 40-ounce beer as Connell drove past him.

The officer pursued Connell and pulled him over. He asked Connell to step out of the vehicle, and informed Connell that he had seen him drinking beer in the car. The officer further informed Connell about the information that he had received from the confidential informant, and asked Connell if there were any drugs in the car. Connell said that there were not. Upon searching the vehicle, however, the officer found drug paraphernalia used for smoking marijuana and found a piece of crack cocaine. The officer stated to Connell, "I guess this is not yours," but Connell replied that it was. Connell apparently concedes that this search was consensual, as he does not challenge the search on appeal.

Connell argues that the trial court should have suppressed the statement that he made to police indicating that the crack in the car was his, because the police officer questioned him without first giving him a *Miranda* warning. We disagree.

> For the proscriptions of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) [(1966)] to apply, a person must be taken into custody or otherwise deprived of his freedom of action in some significant way. In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. Since it is undisputed that defendant in the case sub judice had not been formally arrested at the time he responded to [the officer's] statement, the proper inquiry becomes whether he had been restrained to the degree associated with a formal arrest, not whether the police had probable cause to arrest.

(Citations and punctuation omitted.) *McConville v. State*, 228 Ga. App. 463, 465 (1) (491 SE2d 900) (1997).

Connell was not in custody simply from being pulled over and temporarily detained. See, e.g., *Arce v. State*, 245 Ga. App. 466, 467 (538 SE2d 128) (2000). Indeed, the officer did nothing to restrain Connell's movement during his investigation or otherwise indicate to Connell that he was under arrest. Even though the officer already had probable cause to arrest Connell at the time that he pulled him over, this does not mean that Connell was under arrest at the time the officer asked him about the drugs in the car. See id. Since Connell was not in custody at the time that the officer pulled him over, there was no need for the officer to give him a *Miranda* warning prior to asking him about the drugs.

As a result, the trial court properly denied Connell's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2006.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Samuel M. Olmstead, Assistant District Attorney*, for appellee.