A07A1218. GRODHAUS v. THE STATE.
(653 SE2d 67)

PHIPPS, Judge.

Adam Grodhaus appeals his conviction for driving under the influence of alcohol to the extent he was less safe to drive (DUI).[1] He claims that the trial court erred by denying his motion to suppress the results of field sobriety evaluations and that the evidence was insufficient to support his conviction. Finding no merit in either claim, we affirm.

---

[10] *Dixon v. State*, 275 Ga. 232, 233 (4) (564 SE2d 198) (2002).

[1] Grodhaus was also convicted of failure to yield the right of way and he pled nolo contendere to possession of marijuana.

When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous.[2] The reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment and must not disturb the trial court's ruling if there is any evidence to support it.[3] "Further, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial."[4]

The record evidence relevant to the DUI charge shows that on December 8, 2005, at approximately 11:00 p.m., Fulton County Police Officers Burkhart and Waasdorp were responding to an alarm call. Burkhart observed a car driven by Grodhaus enter the roadway in front of them and cross all the lanes of Medlock Bridge Road, almost hitting a curb. When Grodhaus entered the roadway, Waasdorp had to immediately apply the brakes and jerk the steering wheel to avoid hitting Grodhaus's car. Concerned about Grodhaus's erratic driving, Burkhart instructed Waasdorp to initiate a traffic stop.

Waasdorp made the initial contact with Grodhaus, requesting his license and insurance card. Burkhart, who was training Waasdorp, approached the car less than a minute later and noticed that Grodhaus had a flushed face and bloodshot eyes and that his breath smelled strongly of alcohol. He also noticed that Grodhaus's speech was heavily slurred. After Grodhaus exited his car, he staggered and was unsteady on his feet. Burkhart asked Grodhaus if he would submit to field sobriety evaluations, and he agreed. The evaluations included the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand. Grodhaus's performance on all of the evaluations indicated that he was impaired. During the evaluations, Grodhaus almost fell four times. Burkhart stopped the one-leg stand test because he was concerned that Grodhaus would hurt himself. Based on the erratic driving and physical manifestations he observed, and the results of the field sobriety evaluations, Burkhart concluded that Grodhaus was a less safe driver and arrested him for driving under the influence of alcohol.

1. Grodhaus claims that the trial court erred by denying his motion to suppress the results of the field sobriety evaluations because he was in custody at the time they were given and he had not been advised of his *Miranda* rights. He argues that he was in custody

[2] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).
[3] Id.
[4] *Whitehead v. State*, 258 Ga. App. 271, 273 (1) (574 SE2d 351) (2002) (citation omitted).

from the moment the officers called for a tow truck and that any evidence collected subsequent to that call should have been suppressed.

"[U]nder Georgia law[,] *Miranda* warnings must precede a request to perform a field sobriety test only when the suspect is 'in custody.'"[5] "The test for determining whether a person is in custody at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary."[6] In applying this test, we consider all of the surrounding circumstances.[7]

Grodhaus elicited testimony from Burkhart that it is possible that he or Waasdorp called for a tow truck before conducting the field sobriety evaluations. Burkhart explained that because it takes so long for a tow truck to arrive, he would sometimes request one at the beginning of a traffic stop and then cancel the request if the stop did not culminate in an arrest. Both Grodhaus and Burkhart testified that Grodhaus did not know that the officers had requested a tow truck before the field sobriety evaluations.

Grodhaus relies on *Arce v. State*[8] to support his claim that requesting a tow truck is an action that would cause a reasonable person to believe that his detention was not temporary. That reliance is misplaced. In *Arce*, there was no evidence showing when the arresting officer called the tow truck, but it did not arrive until after the field sobriety tests, and there was no evidence that the officer had communicated to the stopped driver anything other than that he was conducting a brief investigatory stop.[9] In that case, the denial of the motion to suppress the results of the field sobriety tests was upheld.[10]

Here, as in *Arce*, the tow truck did not arrive until after the field sobriety evaluations and it is undisputed that neither officer had communicated to Grodhaus, and that he was unaware, that a tow truck had been called. Similarly, in *Polizzotto v. State*,[11] the arresting officer told his supervisor over the radio that the stopped driver was "going to be 29," which is a police code for DUI, and then asked him to perform additional field sobriety tests. Polizzotto argued on appeal that he was effectively in custody from the time the officer spoke to his supervisor because, by that point, the officer had decided to arrest him. This court upheld the denial of the motion to suppress and

---

[5] *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998) (citation omitted).

[6] *Loden v. State*, 271 Ga. App. 632, 633 (610 SE2d 593) (2005) (citation omitted); *Price*, supra.

[7] *State v. Pierce*, 266 Ga. App. 233, 235 (1) (596 SE2d 725) (2004).

[8] 245 Ga. App. 466 (538 SE2d 128) (2000).

[9] Id. at 467.

[10] Id.

[11] 248 Ga. App. 814, 815 (547 SE2d 390) (2001).

concluded that the officer had taken no overt action to make Polizzotto reasonably believe that he was under arrest rather than the subject of an investigatory stop, even if the officer had decided to arrest Polizzotto before administering the last two field sobriety tests.[12]

> [A]bsent the officer making any statement that would cause a reasonable person to believe that [ ]he was under arrest and not temporarily detained during an investigation, the officer's "belief" that probable cause exists to make an arrest does not determine when the arrest is effectuated until the officer overtly acts so that a reasonable person would believe [ ]he was under arrest.[13]

Burkhart did not make any statement or take any overt action that would cause a reasonable person to believe that he was not merely temporarily detained during an investigation.[14] Accordingly, the trial court correctly denied the motion to suppress.[15]

2. Grodhaus claims that the evidence was insufficient to support his DUI conviction because his behavior during the traffic stop, including his performance on the field sobriety evaluations, did not indicate impairment. The evidence does not support this claim.

The state may prove this offense by "evidence of (i) erratic driving behavior, (ii) failure to pass field sobriety tests, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that [alcohol] made it less safe for the defendant to drive."[16] Burkhart testified that Grodhaus drove erratically, had a flushed face and bloodshot eyes and that his breath smelled strongly of alcohol. He also noticed that Grodhaus's speech was heavily slurred and that after he exited his car, he staggered and was unsteady on his feet. Burkhart further testified that Grodhaus almost fell four times during the field sobriety evaluations and that his performance on all three evaluations indicated that he was impaired. Finally, Burkhart offered his opinion that Grodhaus was under the influence of alcohol to the extent he was a less safe driver. We conclude that the state presented sufficient evidence to support

---

[12] Id. at 817 (1); see also *State v. Dixon*, 267 Ga. App. 320, 321 (599 SE2d 284) (2004) (regardless of officer's subjective belief about outcome of traffic stop, there was no evidence that officer communicated to defendant his intent to arrest before asking him to take alco-sensor test).

[13] *State v. Kirbabas*, 232 Ga. App. 474, 476 (502 SE2d 314) (1998).

[14] See id.

[15] See *Polizzotto*, supra; *Arce*, supra.

[16] *Hendrix v. State*, 273 Ga. App. 792, 796 (3) (a) (616 SE2d 127) (2005) (citation and punctuation omitted).

the trial court's finding that Grodhaus was guilty beyond a reasonable doubt of DUI to the extent he was a less safe driver.[17]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 11, 2007 —
RECONSIDERATION DENIED SEPTEMBER 25, 2007 —

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Carmen D. Smith, Solicitor-General, Oliver E. Murray, R. Leon Benham, Assistant Solicitors-General*, for appellee.

