## A09A0073. GAINES v. THE STATE.
(678 SE2d 99)

DOYLE, Judge.

Following a jury trial, Kevin D. Gaines was convicted of driving under the influence of drugs to the extent that it was less safe for him to do so,[1] driving on the left side of centerline of the roadway,[2] and operating a motor vehicle without a valid driver's license.[3] Gaines appeals, arguing that the trial court erred in admitting his statements to police because he had not been properly advised of his *Miranda*[4] rights. We find no error and affirm.

Viewed in the light most favorable to support the verdict,[5] the record shows that Officer T. P. Dunn of the DeKalb County Police Department was en route to a crime scene around midnight on February 17, 2007, when he observed Gaines's vehicle traveling on the wrong side of the road. Officer Dunn activated his blue lights, effected a traffic stop, and approached Gaines's vehicle. Gaines, who seemed "inattentive," rolled down his window after Officer Dunn requested that he do so. Officer Dunn observed that Gaines's eyes were "very bloodshot and glassy" and that his speech was slurred and slow. When Officer Dunn asked him for his driver's license, Gaines responded that he did not have one, and the officer did a computer check and confirmed that Gaines was not licensed. After Gaines exited his vehicle, Officer Dunn smelled the odor of marijuana emanating from him.

Officer Dunn then performed the horizontal gaze nystagmus ("HGN") test, which did not show nystagmus, or the involuntary jerking commonly seen when an individual is under the influence of alcohol, and administered a portable breath test, which gave a negative result for the presence of alcohol. Officer Dunn also administered the walk and turn evaluation, the eye convergence test, the one-leg stand, the Romberg balance test, and the alphabet recitation exercise and, from these, determined that Gaines was under the influence of marijuana. Officer Dunn also noted that Gaines's pupils were very dilated and that Gaines had a thick green coating on his tongue indicative of marijuana use. The officer asked Gaines if he had been smoking marijuana, and Gaines replied that he had done so earlier that day at "10:00 or 11:00." Officer Dunn then informed Gaines that he was under arrest and placed him in handcuffs.

---

[1] OCGA § 40-6-391 (a) (2).
[2] OCGA § 40-6-40 (a).
[3] OCGA § 40-5-20 (a).
[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[5] See *Loden v. State*, 271 Ga. App. 632 (610 SE2d 593) (2005).

In his sole enumeration of error, Gaines contends that the trial court erred in denying his motion to suppress his statements to Officer Dunn because he was in custody at the time he made them and had not been advised of his *Miranda* rights. After viewing the recording depicting the traffic stop and arrest at issue during the *Jackson-Denno*[6] hearing, the trial court concluded that Gaines "was not under arrest" at the time he made his statements to the officer.

> The issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous. The test for determining whether a person is in custody at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary.[7]

"In applying this test, we consider all of the surrounding circumstances."[8]

Here, Officer Dunn "did not make any statement or take any overt act that would cause a reasonable person to believe that he was not . . . temporarily detained during an investigation."[9] Gaines "was not handcuffed, secured in the back of a police vehicle[,] or treated in any manner which would raise this investigative stop to the level of an arrest."[10] Thus, the trial court did not err in denying Gaines's motion to suppress his statements to the officer.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 24, 2009.

*Elizabeth A. Parks*, for appellant.
*Robert D. James, Jr., Solicitor-General, Matthew Ciccarelli, Assistant Solicitor-General*, for appellee.

---

[6] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[7] (Punctuation and footnotes omitted.) *Loden*, 271 Ga. App. at 633.

[8] (Footnote omitted.) *Grodhaus v. State*, 287 Ga. App. 628, 630 (1) (653 SE2d 67) (2007).

[9] (Footnote omitted.) *McDevitt v. State*, 286 Ga. App. 120, 122 (1) (648 SE2d 481) (2007). See *Loden*, 271 Ga. App. at 633.

[10] *Loden*, 271 Ga. App. at 633.