### A93A0911. REEVE v. THE STATE.
(430 SE2d 873)

BLACKBURN, Judge.

The appellant, Hubert Reeve, was convicted by a jury of driving under the influence and driving with an unlawful alcohol concentration. On appeal, his sole contention is that the trial court erred in admitting the results of an intoximeter test because the state failed to show a proper foundation for admission of such evidence.

Reeve was stopped by a Lawrenceville police officer on July 3, 1991, after the officer witnessed Reeve tossing a beer bottle into the passenger compartment of another vehicle. The police officer detected the odor of alcohol about Reeve, and administered field sobriety tests which Reeve failed. An alcosensor test was also positive. The officer then arrested Reeve, advised him of his rights under the implied consent law, and subsequently administered an intoximeter test which indicated a blood alcohol content of .14 percent.

At the trial on June 9, 1992, the arresting officer testified that he was certified by the Georgia Department of Public Safety to operate the Intoximeter 3000 machine when he administered the test on Reeve, and that he had shown his permit to Reeve at that time. The

officer's current permit, valid for 1992 through 1993, was admitted into evidence. Reeve contends that the state thus failed to show a proper foundation for the admission of the intoximeter results by not producing the officer's permit that was in effect for 1991.

However, there is no requirement that the state produce the actual permit held by the administering officer at the time of the test, before the results of an intoximeter test may be admitted. *Clarke v. State*, 170 Ga. App. 852 (319 SE2d 16) (1984). "The officer's testifying as to his authority to operate the machine in question was sufficient. [Cits.]" *Williamson v. State*, 194 Ga. App. 439, 441 (5) (390 SE2d 658) (1990). Accordingly, the trial court properly admitted the intoximeter results over Reeve's objection.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED APRIL 20, 1993.

*Fletcher W. Griffin III*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellee.