## A94A1763. THE STATE v. WHITFIELD.
### (448 SE2d 492)

BLACKBURN, Judge.

The State appeals the trial court's order granting defendant Jimmy Dean Whitfield's motion to suppress the results of the Intoximeter 3000 test and the field sobriety tests administered to him.

1. The trial court determined the officer failed to read Whitfield his implied consent rights until 25 to 30 minutes after the officer first became aware of Whitfield's condition, and that the officer's explanation for this delay was inadequate. We cannot agree.

Two officers arrived at Whitfield's residence in response to an aggravated domestic situation call. Upon Officer Simmons' arrival, he saw Whitfield in a pickup truck attempting to pull away from the driveway. Officer Simmons testified that he and Officer Rollison restrained and arrested Whitfield after he attempted to strike Officer Rollison. Whitfield was arrested for obstruction of an officer at the scene; he was not arrested for DUI until he was at the police station. At that time, Whitfield was read his implied consent rights.

In *Perano v. State,* 250 Ga. 704, 708 (300 SE2d 668) (1983), our Supreme Court concluded "that where a law enforcement officer requests a person to submit to a chemical test because of acts alleged to have been committed while operating a motor vehicle under the influence of alcohol or drugs, and the officer arrests that person on this ground, OCGA § 40-6-392 (a) (4) . . . requires that the officer inform him *at the time of arrest* of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood." In the present case, it is uncontroverted that Whitfield was not arrested for DUI until after he was taken into custody and transported to the police station. Therefore, his implied consent rights were read to him at the time of his arrest for DUI.

2. In *Reeve v. State,* 208 Ga. App. 517, 518 (430 SE2d 873) (1993), we determined that an officer's testimony regarding his authority to operate the Intoximeter 3000 was sufficient. Therefore, the trial court erred in granting Whitfield's motion to suppress on this basis.

3. In its final enumeration of error, the State contends that the trial court erred in granting Whitfield's motion to suppress evidence of the field sobriety test. The State argues that Whitfield was not in custody when these tests were administered. We cannot agree.

Officer Simmons testified that the field sobriety tests were not administered until Whitfield was taken to the police station. At the

time the tests were given, Whitfield was in custody, under arrest, and had not been given his *Miranda* warnings. The trial court properly granted Whitfield's motion to suppress with regard to the field sobriety tests administered when Whitfield was in custody and under arrest.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 2, 1994.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Susan C. Devane, Assistant Solicitors*, for appellant.

*Jeffrey R. Sliz*, for appellee.