S97A1426. PRICE v. THE STATE.
(498 SE2d 262)

FLETCHER, Presiding Justice.

In a bench trial, Stacy Haygood Price was convicted of driving under the influence, driving with an unlawful alcohol concentration, and having no valid driver's license. On appeal, Price contends that O.C.G.A. § 40-6-392 (e) violates her right of confrontation by permitting the use of a certificate to establish the qualifications of the blood drawer. Because the certificate is a public record and thus satisfies the reliability concerns of the confrontation clause, we uphold O.C.G.A. § 40-6-392 (e). However, we reverse Price's conviction because the trial court erred in quashing Price's subpoena for the gas

chromatograph results.

1. In order to admit results of a blood test showing a defendant's blood alcohol level, the state must prove that the blood was drawn by a "qualified" person.[1] O.C.G.A. § 40-6-392 (e) permits the state to prove this element of its case through a certification from the Secretary of State or the Department of Human Resources. Pursuant to this statute, the state presented testimony of the arresting officer that Madeline White drew the blood sample from Price and two documents regarding White's qualifications. One is a letter from the Office of Regulatory Services of DHR stating that its records show that White is classified as a medical technologist. The other is a "records search" summary that states that White has been continuously classified since 1988 as a medical technologist. Both the letter and records search summary are on DHR letterhead and are signed by the reviewing official.

Price contends the use of these certificates violates her rights under the confrontation clause of the state and federal constitutions.[2] Whether use of the DHR certification violates the confrontation clause depends primarily on whether the certification bears sufficient indicia of reliability.[3] A court may infer reliability when the hearsay falls within a firmly rooted exception to the hearsay rule,[4] such as the public records exception.[5]

O.C.G.A. § 31-22-6 authorizes DHR to promulgate rules and regulations relating to the qualifications of clinical laboratory personnel. Rule 290-5-29-.06 sets forth the qualifications required of medical technologists working in clinical laboratories and requires the laboratory as part of its licensure to maintain written documentation that such personnel meet the required qualifications. Because the classification of persons qualified to draw blood and the records showing such classification are regulated under DHR rules, we have no difficulty concluding that O.C.G.A. § 40-6-392 (e) properly creates a public records exception to the hearsay rule.[6] Because the certification provided by DHR falls within the public records exception, it satisfies the confrontation clause. Although confrontation clause analy-

---

[1] O.C.G.A. § 40-6-392 (a) (2) ("only a physician, registered nurse, laboratory technician, emergency medical technician, or other qualified person may withdraw blood for the purpose of determining the alcoholic content therein").

[2] Ga. Const., Art. I, Sec. I, Par. XIV; U. S. Const., Amend. VI.

[3] *Brown v. State*, 268 Ga. 76, 77 (485 SE2d 486) (1997); *Miller v. State*, 266 Ga. 850, 853 (472 SE2d 74) (1996).

[4] Id.

[5] *Ohio v. Roberts*, 448 U. S. 56, 66 (100 SC 2531, 65 LE2d 597) (1980) ( public record and business record exceptions "rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of the constitutional protection' ").

[6] Paul S. Milich, *Georgia Rules of Evidence* §19.19 (1995).

sis generally requires a showing that the declarant is unavailable,[7] this requirement may be dispensed with in cases such as this where the utility of cross-examination is so remote.[8]

2. The state used a machine called a gas chromatograph to test the blood alcohol content of the defendant's blood. Price issued a subpoena to the crime lab analyst for the printed results generated by the gas chromatograph. At the state's request, the trial court quashed the subpoena. At trial, Price objected to any testimony regarding the results of the blood test since the state had not produced the printed results.

The state contends that Price had no right to the chromatograph printout. This Court and the court of appeals have previously refused to allow defendants access to such graphs and other data. Those cases, however, were interpreting the former criminal discovery provisions that allowed discovery only of "written scientific reports."[9] The current discovery rule regarding chemical tests in DUI cases, codified at O.C.G.A. § 40-6-392 (a) (4), is broader and grants defendants access to "full information concerning the test." Under this provision, the results generated by the use of the chromatograph are discoverable.

Additionally, this discovery rule is consistent with the broad right of cross-examination embodied in O.C.G.A. § 24-9-64. In *Eason v. State*[10] this Court relied on the right to a thorough and sifting cross-examination to hold that a defendant has the right to subpoena "memos, notes, graphs, computer print-outs, and other data" relied upon by the state crime lab chemist. The Court specifically noted that graphs generated from a gas chromatography were encompassed in this right.[11] While the trial court has the discretion under O.C.G.A. § 24-10-22 (b) (1) to quash an unreasonable and oppressive subpoena, this section is inapplicable where the subpoena specifically requested the gas chromatograph for Price's case and, at a pretrial hearing, the analyst testified that it would take only an hour for him to obtain it.

Therefore, the trial court's quashing of defendant's subpoena was error and we reverse the conviction.

3. Price challenges on state law grounds the admission of testimony regarding the results of a field sobriety test because she was

---

[7] *Roberts*, 448 U. S. at 66.

[8] Id. at 65, n. 7; see also *United States v. Inadi*, 475 U. S. 387 (106 SC 1121, 89 LE2d 390) (1986).

[9] See *Williams v. State*, 251 Ga. 749, 754 (3) (c) (312 SE2d 40) (1983) (discussing former O.C.G.A. § 17-7-211); *Cothran v. State*, 177 Ga. App. 58, 60 (338 SE2d 513) (1985).

[10] 260 Ga. 445 (396 SE2d 492) (1990).

[11] Id. at 447, n. 2.

not first given *Miranda*[12] warnings. Decisions of this Court and the court of appeals have routinely held that under Georgia law *Miranda* warnings must precede a request to perform a field sobriety test only when the suspect is "in custody."[13] The test of "in custody" is whether a "reasonable person in the suspect's position would have thought the detention would not be temporary."[14] The evidence in this case was undisputed that Price performed the field sobriety test only after the police officer informed her that the license check showed she had a suspended license, he had a strong impression that she was intoxicated based on the smell of alcohol, she had to steady herself against the car to keep from falling, and he would take her to jail for DUI regardless of whether she performed the field evaluations. Under these circumstances we must conclude that, having been informed that she was going to jail, a reasonable person would have believed that the detention was not temporary. Therefore, the failure to give the *Miranda* warnings renders evidence regarding the field sobriety tests inadmissible.

4. Price challenges the admission of the blood test results on the ground that the Division of Forensic Sciences had not administratively approved the use of the gas chromatograph or standards for its operation and maintenance. Last year, the legislature enacted O.C.G.A. § 35-3-155, which expressly provides that the Division of Forensic Sciences need not seek approval of testing methods and procedures through the Administrative Procedures Act. This provision, which affects no substantive right, controls this case and requires that we reject Price's contention.[15] Additionally, after a review of the record, we conclude that the state met its burden under O.C.G.A. § 40-6-392 (a) (1) (A) through the testimony of the analyst who was familiar with and operated the gas chromatograph.

5. Price also contends that the evidence did not establish a chain of custody for her blood sample. However, the state presented testi-

---

[12] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[13] *State v. O'Donnell*, 225 Ga. App. 502, 504 (484 SE2d 313) (1997); *State v. Pastorini*, 222 Ga. App. 316, 317-318 (474 SE2d 122) (1996); *State v. Whitfield*, 214 Ga. App. 574 (448 SE2d 492) (1994); see also *Keenan v. State*, 263 Ga. 569, 571 (436 SE2d 475) (1993) (when defendant not in custody, request to take alco-sensor test need not be preceded by *Miranda* warnings). A defendant who raises only a federal law challenge will not succeed because under the U. S. constitution the prohibition against self-incrimination applies only when the evidence is "testimonial" and field sobriety tests are not "testimonial" in nature. See *Hughes v. State*, 259 Ga. 227, 228 (378 SE2d 853) (1989); *Morrissette v. State*, 229 Ga. App. 420, 422, n. 3 (494 SE2d 8) (1997).

[14] *Hughes*, 259 Ga. at 228.

[15] *State v. Martin*, 266 Ga. 244 (466 SE2d 216) (1996) (law changing scope of evidence that may be offered in trial but that does not affect manner or degree of punishment and does not alter substantive rights is applicable to case pending on appeal on effective date); see also *Hill v. Willis*, 224 Ga. 263, 265 (161 SE2d 281) (1968) (appellate court applies the law as it exists at the time opinion is rendered).

mony from the officer who witnessed the blood being drawn and delivered it to the state crime lab and from the state crime lab analyst who tested the sample. After reviewing this testimony, we find it sufficient to connect the blood test results to Price's sample.

6. In addition to the blood test results, the evidence showed that after a DeKalb police officer observed Price speeding and driving unsafely, he stopped her. When the officer asked for her license, Price said it was in the trunk, and got out of the car to retrieve it. As she walked to the rear of the car, Price walked unsteadily and had to lean on the car to maintain her balance. The officer also smelled alcohol on her. After reviewing the evidence in the light most favorable to the jury's determination of guilt, without considering the field sobriety tests,[16] we conclude that a rational trier of fact could have found Price guilty of the crimes charged beyond a reasonable doubt.[17]

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 19, 1998 —
RECONSIDERATIONS DENIED APRIL 1, 1998.

*Robert W. Chestney,* for appellant.
*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Lisa A. Jones, Assistant Solicitors,* for appellee.

[16] *Allen v. State,* 259 Ga. 63, 67 (1) (c) (377 SE2d 150) (1989).
[17] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).