## A02A0463. HARMON v. THE STATE.
### (558 SE2d 733)

ELDRIDGE, Judge.

A Spalding County jury found Mary Lou Harmon guilty of DUI — less safe driver, which charge arose after Harmon rear-ended a car which was stopped at a red light at the corner of Hill and Taylor Streets in Griffin. Harmon appeals, claiming that (1) the results of a horizontal gaze nystagmus ("HGN") test should have been suppressed since she was in custody without benefit of *Miranda*[1] warnings at the time of the test's administration; and (2) the trial court erred in refusing to charge the jury on the presumption of innocence that arises when chemical test results show a blood alcohol content of 0.05 or less. Because the record supports the trial court's conclusion that Harmon was not in custody at the time of the HGN test and because Harmon refused chemical testing, thereby making inferences related to blood alcohol content without factual basis, we affirm her conviction.

1. In her first claim of error, Harmon contends that the trial court erred in denying her motion to suppress. In that regard,

> [i]t is well settled that when reviewing a trial court's decision regarding a motion to suppress evidence, the appellate court should be guided by three principles with regard to interpretation of the trial court's judgment of the facts: First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[2]

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[2] (Citations and punctuation omitted.) *Polizzotto v. State*, 248 Ga. App. 814, 816 (1) (547 SE2d 390) (2001).

Here, citing testimony from the arresting officer that he suspected Harmon was under the influence and that he intended to arrest her regardless of the results of the HGN test, Harmon claims that she was in custody and, thus, *Miranda* warnings should have been given prior to the administration of the HGN test. This contention is meritless.

The evidence at the motion to suppress shows that Griffin Police Officer T. Lima informed Harmon that he smelled alcohol on and about her person and he asked her if she had been drinking. Harmon told the officer that she had consumed a "few drinks," but that it was "no big deal." Lima then called Corporal C. Clark to perform field sobriety tests. Harmon was not handcuffed, she was not placed in the back of the patrol car, and she was not informed that Lima intended to arrest her. Nor did Harmon testify at the motion to suppress or otherwise present evidence to support the notion that a reasonable person would have believed herself to be in custody. The totality of the circumstances shows that further investigation was to be performed by Corporal Clark.

Corporal Clark responded within five minutes of the call. He testified that Harmon "wanted to know what was going to take place next, how we were going to do this, a lot of questions. And I tried to explain to her what we were doing. And I asked her — explained to her, the best of my ability, what I was going to do or what I requested of her to do." Clark then performed an HGN test on Harmon, which she failed. Thereafter, Harmon refused to cooperate with any more field sobriety tests. Officer Lima testified that he placed Harmon under arrest only after she refused to cooperate further: "At that point, I informed her that she was under arrest for driving under the influence of alcohol and placed her in the patrol car."

*Miranda* warnings are not required when an investigating officer conducts preliminary questioning or field sobriety tests.[3] After a DUI suspect is arrested, however, *Miranda* warnings must precede further field sobriety tests in order for evidence of the results to be admissible.[4] The objective test is that "the police can be said to have seized an individual only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."[5] Accordingly, "it is the reasonable belief of an ordinary person under such circumstances, and not the subjective

---

[3] *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998); *State v. O'Donnell*, 225 Ga. App. 502, 505 (2) (484 SE2d 313) (1997).

[4] *Polizzotto v. State*, supra.

[5] (Citation and punctuation omitted.) *Michigan v. Chesternut*, 486 U. S. 567, 573 (108 SC 1975, 100 LE2d 565) (1988); *Mosely v. State*, 269 Ga. 17 (495 SE2d 9) (1998); *Lyons v. State*, 244 Ga. App. 658 (535 SE2d 841) (2000).

'belief' or intent of the officer, that determines whether an arrest has been effected."[6]

Here, Officer Lima did not make any statement or otherwise act in such a way that would cause a reasonable person to believe that she was under arrest and not simply temporarily detained for further investigation pursuant to an admission that she had consumed a "few drinks."[7] Therefore, despite the officer's subjective "belief" that probable cause existed to arrest Harmon prior to the administration of the HGN test, she was not "in custody" so as trigger *Miranda*.[8] The trial court's denial of the motion to suppress, supported by the evidence, was not clearly erroneous and thus is affirmed.

2. "Any instruction should stand upon a base founded in the evidence or the lack thereof."[9] In this case, Harmon refused chemical testing, and no blood alcohol content was ascertained. She was indicted and tried for DUI — less safe, not DUI — excessive blood alcohol content. Accordingly, there was no factual basis for a jury instruction on the presumption of innocence that arises when chemical testing shows a blood alcohol content of 0.05 or less. The trial court did not err in refusing Harmon's request for such instruction, because "[i]f any portion of a requested charge is . . . not reasonably raised or authorized by the evidence, denial of the charge request is proper."[10]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 27, 2001.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*Griffin E. Howell III, Solicitor-General*, for appellee.

---

[6] (Citations and emphasis omitted.) *State v. Kirbabas*, 232 Ga. App. 474, 476 (502 SE2d 314) (1998).

[7] See *Arce v. State*, 245 Ga. App. 466 (538 SE2d 128) (2000).

[8] *Polizzotto v. State*, supra; *Arce v. State*, supra; *Lyons v. State*, supra at 658; *State v. Kirbabas*, supra at 476.

[9] (Citation and punctuation omitted.) *Rice v. State*, 217 Ga. App. 456, 458 (458 SE2d 368) (1995).

[10] (Citation and punctuation omitted.) *Haney v. State*, 234 Ga. App. 214, 217 (507 SE2d 18) (1998).