### A04A0841. THE STATE v. DIXON.
#### (599 SE2d 284)

ELLINGTON, Judge.

Wayne Dixon stands accused in the State Court of Gwinnett County of driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1); driving under the influence of alcohol while having an alcohol concentration of 0.08 or more, OCGA § 40-6-391 (a) (5); and failure to maintain lane, OCGA §§ 40-6-1; 40-6-48. Following the partial grant of Dixon's motion to suppress evidence obtained at a traffic stop, the State appeals, contending the trial court erred in finding Dixon was in custody when the officer administered a preliminary alcohol screening breath test (the "alco-sensor"). We agree and reverse.

On appeal from a ruling on a motion to suppress,

> we must construe the evidence most favorably to affirming the trial court's factual findings and judgment. We accept the trial court's factual and credibility determinations unless they are clearly erroneous, and the factual findings will be upheld if they are supported by any evidence. The trial court's application of the law to undisputed facts, however, is subject to a de novo standard of review.

(Footnotes omitted.) *State v. Sledge,* 264 Ga. App. 612, 613 (591 SE2d 479) (2003).

Under Georgia's protections against the State compelling an arrestee to give evidence against himself,[1] the result of a field sobriety

---

[1] See Ga. Const. 1983, Art. I, Sec. I, Par. XVI; OCGA § 24-9-20 (a). We note that [a] defendant who raises only a federal law challenge [to the results of a field sobriety test on the basis that he was not first given *Miranda* warnings] will not succeed

test performed when a suspect was "in custody" will be admissible only if the request to perform the field sobriety test was preceded by *Miranda* warnings. *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998). "In deciding whether the suspect was in custody, the proper inquiry is whether the individual was formally arrested or restrained to a degree associated with a formal arrest, not whether the police had probable cause to arrest." (Citation and punctuation omitted.) *State v. Picot*, 255 Ga. App. 513, 515 (2) (565 SE2d 865) (2002). "The test of 'in custody' is whether a reasonable person in the suspect's position would have thought the detention would not be temporary." (Punctuation and footnote omitted.) *Price v. State*, 269 Ga. at 225 (3). A trial court deciding whether to admit evidence must apply this *objective* test; "it is the reasonable belief of an ordinary person under such circumstances, and not the subjective belief or intent of the officer, that determines whether an arrest has been effected." (Punctuation and footnote omitted.) *Harmon v. State*, 253 Ga. App. 140, 141-142 (1) (558 SE2d 733) (2001).

Dixon argues that he was in custody when the officer requested he take the alco-sensor because the officer had already concluded that he had probable cause to arrest Dixon for DUI, based on Dixon's erratic driving, the smell of alcohol on Dixon's breath, Dixon's unsteadiness when he exited his car, Dixon's bloodshot eyes and slurred speech, and Dixon's performance on the horizontal gaze nystagmus test (the "HGN"). In delivering its ruling excluding evidence of the alco-sensor test, the trial court stated, "[t]here was some testimony from the officer that the decision to arrest was made after the HGN and that the Alco-Sensor was done more or less to confirm that decision." But it is undisputed that Dixon was not handcuffed, he was not placed in the back of the patrol car, and he was not informed that the officer intended to arrest him until after the alco-sensor test. See *Harmon v. State*, 253 Ga. App. at 141 (1). "Nor did [Dixon] testify at the motion to suppress or otherwise present evidence to support the notion that a reasonable person would have believed [himself] to be in custody." Id. Regardless of the officer's subjective belief about the outcome of the traffic stop, therefore, just as in *Harmon v. State*, there was no evidence whatsoever that the officer *communicated* to Dixon his intent to arrest before asking Dixon to take the alco-sensor test. Id.

Because the court received no evidence supporting a finding that under the circumstances an ordinary person would have reasonably

---

because under the U. S. constitution the prohibition against self-incrimination applies only when the evidence is "testimonial" and field sobriety tests are not "testimonial" in nature.
(Citations omitted.) *Price v. State*, 269 Ga. 222, 225 (3), n. 13 (498 SE2d 262) (1998).

believed that he was in custody, the trial court erred in excluding evidence of Dixon's pre-arrest performance on the alco-sensor test. *State v. Picot,* 255 Ga. App. at 515-516 (2); *State v. Kirbabas,* 232 Ga. App. 474, 477-478 (502 SE2d 314) (1998).

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED MAY 7, 2004.

Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General, for appellant.

Head, Thomas, Webb & Willis, Mark A. Hansford, for appellee.