**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 20, 2015**

# In the Court of Appeals of Georgia

A14A2173. MASSEY v. THE STATE.

ANDREWS, Presiding Judge.

Jonathan Aaron Massey was charged by accusation with the offense of driving with an alcohol concentration of 0.08 grams or more in violation of OCGA § 40-6-391 (a) (5). Massey brings this interlocutory appeal from the trial court's denial of his pre-trial request pursuant to OCGA § 40-6-392 (a) (4) for discovery concerning the blood test conducted by the State to determine his blood alcohol concentration. For the following reasons, we affirm.

1. At the time of his arrest for driving under the influence, Massey was given the implied consent notice and refused a State-administered chemical test of his breath requested by the arresting officer. After Massey refused the requested test, the officer immediately obtained a search warrant pursuant to which blood was forcibly

taken from Massey. The officer sent Massey's blood to the Georgia Bureau of Investigation, where a forensic toxicologist employed by the Forensic Sciences Division (the State Crime Lab) chemically tested the blood using a gas chromatography instrument. Based on the test results, the toxicologist generated a report finding that the blood had an alcohol concentration of 0.133 grams (plus or minus 0.005 grams) per 100 milliliters. Massey filed a pre-trial discovery request seeking information about the blood test pursuant to the discovery provisions set forth in OCGA § 40-6-392 (a) (4). The trial court denied the discovery request on the basis that OCGA § 40-6-392 (a) (4) expressly limits discovery concerning chemical testing of a person's blood, urine, breath, or other bodily substance to "the person who shall submit to a chemical test or tests at the request of a law enforcement officer." The court concluded that the discovery provisions of subsection (a) (4) did not apply because Massey refused to submit to a breath test requested by the officer at the time of his arrest, and the alcohol concentration test at issue was conducted on blood forcibly taken from Massey pursuant to a search warrant obtained by the officer.

OCGA § 40-6-392 (a) provides in relevant part:

(a) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, evidence of the amount of alcohol or drug in a

2

person's blood, urine, breath, or other bodily substance at the alleged time, as determined by a chemical analysis of the person's blood, urine, breath, or other bodily substance shall be admissible. Where such a chemical test is made, the following provisions shall apply:

(1)(A) Chemical analysis of the person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose. The Division of Forensic Sciences of the Georgia Bureau of Investigation shall approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits, along with requirements for properly operating and maintaining any testing instruments, and to issue certificates certifying that instruments have met those requirements, which certificates and permits shall be subject to termination or revocation at the discretion of the Division of Forensic Sciences. . . .

(2) *When a person shall undergo a chemical test at the request of a law enforcement officer*, only a physician, registered nurse, laboratory technician, emergency medical technician, or other qualified person may withdraw blood for the purpose of determining the alcoholic content therein, provided that this limitation shall not apply to the taking of breath or urine specimens. No physician, registered nurse, or other qualified person or employer thereof shall incur any civil or criminal liability as a result

of the medically proper obtaining of such blood specimens when requested in writing by a law enforcement officer;

(3) The person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any *administered at the direction of a law enforcement officer*. The justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to *the test or tests taken at the direction of a law enforcement officer*; and

(4) Upon the request of *the person who shall submit to a chemical test or tests at the request of a law enforcement officer*, full information concerning the test or tests shall be made available to him or his attorney. The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this Code section. . . .

(d) In any criminal trial, *the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest* shall be admissible in evidence against him. (Emphasis added).

An officer's authority to request at the time of arrest that a driver submit to the above described chemical testing for alcohol or drugs, and to direct the test to be administered (after obtaining consent), derives from the implied consent provisions of OCGA § 40-5-55 (a), which provide that:

The State of Georgia considers that any person who drives or is in actual physical control of any moving vehicle in violation of any

provision of Code Section 40-6-391 constitutes a direct and immediate threat to the welfare and safety of the general public. Therefore, any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to Code Section 40-6-392, to a chemical test or tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug, if arrested for any offense arising out of acts alleged to have been committed in violation of Code Section 40-6-391 or if such person is involved in any traffic accident resulting in serious injuries or fatalities. *The test or tests shall be administered at the request of a law enforcement officer* having reasonable grounds to believe that the person has been driving or was in actual physical control of a moving motor vehicle upon the highways or elsewhere throughout this state in violation of Code Section 40-6-391. The test or tests shall be administered as soon as possible to any person who operates a motor vehicle upon the highways or elsewhere throughout this state who is involved in any traffic accident resulting in serious injuries or fatalities. Subject to Code Section 40-6-392, *the requesting law enforcement officer shall designate which of the test or tests shall be administered*, provided a blood test with drug screen may be administered to any person operating a motor vehicle involved in a traffic accident resulting in serious injuries or fatalities. (Emphasis added).

OCGA § 40-5-67.1 (a) and (b) further provides that, at the time the arresting officer requests the chemical testing described in OCGA § 40-5-55, the officer must give the driver an appropriate implied consent notice, which includes information regarding consequences for refusing the testing requested by the officer, and the driver's right to obtain additional chemical testing (at the driver's expense) after submitting to the testing requested by the officer. Subsection (d) of OCGA § 40-5-

5

67.1 provides that, if the arrested driver refuses to submit to the testing requested by the officer pursuant to OCGA § 40-5-55, "no test shall be given," and sets forth consequences resulting from the refusal. Finally, subsection (d.1) of OCGA § 40-5-67.1 makes clear that, if the driver refuses the arresting officer's request to submit to chemical testing pursuant to OCGA § 40-5-55, nothing in the code section precludes the officer from otherwise obtaining evidence of a violation of OCGA § 40-6-391 "by voluntary consent or a search warrant. . . ." Because Massey refused the officer's request to submit to chemical testing pursuant to OCGA § 40-5-55 (a), the officer properly sought and obtained a search warrant to forcibly take blood from Massey for the purpose of testing the blood by gas chromatography at the State Crime Lab pursuant to OCGA § 40-6-392 (a) (1) (A) for evidence of an alcohol concentration in violation of OCGA § 40-6-391. *McAllister v. State*, 325 Ga. App. 583, 585 (754 SE2d 376) (2014).

The discovery provisions of OCGA § 40-6-392 (a) (4), broadly grant access to "full information concerning the test," for alcohol or drugs in a person's blood, urine, breath, or other bodily substance, and are "consistent with the broad right of cross-examination embodied in [OCGA § 24-6-611 (b)]." *Price v. State*, 269 Ga. 222, 224 (498 SE2d 262) (1998). The "full information" provisions of OCGA § 40-6-392 (a)

6

(4) have been construed to grant discovery of the test results generated by a gas chromatography instrument used to test for blood alcohol concentration, including the right to obtain instrument printouts, memos, notes, graphs, and other data relied on by the State Crime Lab employee to generate the test results. *Price*, 269 Ga. at 224; *Townsend v. State*, 236 Ga. App. 530, 532 (511 SE2d 587) (1999). The production of discovery granted under OCGA § 40-6-392 (a) (4) may be obtained by subpoena or by a request directed to the State. *Cottrell v. State*, 287 Ga. App. 89, 90-91 (651 SE2d 444) (2007). But discovery pursuant to OCGA § 40-6-392 (a) (4) is expressly limited by the terms of subsection (a) (4) to "the person who shall submit to a chemical test or tests at the request of a law enforcement officer. . . ." As set forth above, OCGA § 40-6-392 is part of the statutory scheme for implied consent chemical testing, which makes clear that "the person who shall submit to a chemical test or tests at the request of a law enforcement officer," as set forth in subsection (a) (4), refers to a driver who submits at the time of arrest to a chemical test requested by the arresting officer pursuant to the implied consent provisions of OCGA § 40-5-55. *State v. Bowen*, 274 Ga. 1, 3 (547 SE2d 286) (2001) (statutory language must be considered in relation to other statutes which form a statutory scheme). Because Massey refused to submit to the chemical testing requested by the arresting officer pursuant to OCGA

7

§ 40-5-55, he was excluded from the discovery provisions of OCGA § 40-6-392 (a) (4), and the trial court correctly denied Massey's discovery request made pursuant to those provisions.[1]

2. Massey claims on appeal that his constitutional rights to due process and a fair trial were violated by the trial court's refusal to grant his request for discovery concerning the alcohol concentration blood test conducted by the State. Because Massey failed to obtain a distinct ruling from the trial court on these claims, they were not preserved for appellate review. *Wetzel v. State*, A14A0896, ___ Ga. App. ___, 2014 WL 6092268 at *3 (Nov. 17, 2014).

*Judgment affirmed. McFadden and Ray, JJ., concur.*

---

[1] We render no opinion as to whether a defendant charged with a misdemeanor violation of OCGA § 40-6-391, who refused to submit to the chemical testing requested by the arresting officer pursuant to OCGA § 40-5-55, may be entitled by means other than OCGA § 40-6-392 (a) (4) to obtain a copy of a gas chromatograph printout or other scientific work product relied on to generate alcohol concentration test results for the State. See *Bazemore v. State*, 244 Ga. App. 460, 462, n.1 (535 SE2d 830) (2000); *Eason v. State*, 260 Ga. 445 (396 SE2d 492) (1990), overruled in part, *State v. Lucious*, 271 Ga. 361, 365 (518 SE2d 677) (1999).