**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 13, 2019**

# In the Court of Appeals of Georgia

A19A2409. THE STATE v. BLAZEK.                              PH-081C

PHIPPS, Senior Appellate Judge.

Brian Lee Blazek was indicted for driving under the influence and driving with unlawful alcohol concentration. Blazek filed a motion in limine and a motion seeking to suppress the results of the State-administered breath test, which the trial court denied. Blazek then moved for reconsideration. The trial court granted the motion for reconsideration of the order denying Blazek's motions in limine and to suppress. The State appeals from the grant of Blazek's motion for reconsideration. For the following reasons, we vacate the trial court's order and remand for further proceedings.

In reviewing a trial court's ruling on a motion to suppress, an appellate court must construe the record in the light most favorable to the factual findings and judgment of the trial court and accept the trial court's findings of disputed facts unless they are clearly erroneous. However,

the trial court's application of the law to undisputed facts is subject to de novo review.

(Citations and punctuation omitted.) *Fofanah v. State*, __ Ga. App. __ (1) (832 SE2d 449, 451) (2019).

So viewed, the evidence shows that Officer Michael Ricks with the Gwinnett County Police Department was dispatched to investigate a called-in complaint that Blazek was operating an 18-wheel tractor-trailer while highly intoxicated. The caller explained that the driver smelled like alcohol, had trouble walking, and slurred his speech. Officer Ricks made personal contact with Blazek, who was standing next to his tractor-trailer and confirmed his identity and that he was the driver of the vehicle. Officer Ricks noted that Blazek had bloodshot eyes and a strong odor of alcohol coming from his person. Blazek claimed that he had not been drinking.

Officer Ricks asked Blazek to perform voluntary field sobriety tests, and he consented. The horizontal gaze nystagmus test yielded six out of six standardized clues, indicating impairment. The walk-and-turn test yielded five out of eight clues, also indicating impairment. The one-leg-stand evaluation yielded two out of four clues, also indicating impairment. Blazek was then asked to give a sample of his

2

breath into the portable Alco-Sensor, and he consented. The test was positive for alcohol on his breath.

Based on his training and all of the manifestations and tests described above, Officer Ricks determined that Blazek was a less-safe driver because of alcohol impairment and placed him under arrest. Blazek was then read the age-appropriate implied consent notice and agreed to provide a sample of his breath. The officers did not read a *Miranda* warning. Blazek was then transported to the Gwinnett County Sheriff's Office, where he consented to a breath test using the Intoxilyzer 9000.

Blazek filed a motion to suppress the results of the breath test, which the trial court initially denied. The trial court then granted Blazek's motion for reconsideration of that order, which the State appealed. The trial court's order granting Blazek's motion for reconsideration relied upon *Price v. State*, 269 Ga. 222 (498 SE2d 262) (1998), as "binding precedent requiring *Miranda* warnings to precede an officer's request for a breath sample from an in-custody suspect[.]" Because the officer did not provide a *Miranda* warning to Blazek before seeking his consent for a breath sample, the trial court granted Blazek's motion to suppress evidence of the state-administered chemical breath tests and field sobriety evaluations.

3

On appeal, the State argues that the Georgia Supreme Court's recent decision, *State v. Turnquest*, __ Ga. __ (827 SE2d 865) (2019), which was published *after* the order appealed in the instant case was filed, overruled *Price v. State*, supra, and thus, requires us to vacate the order and remand the case to the trial court. We agree.

In *Turnquest*, supra, our Supreme Court overruled *Price*, supra, and "other Georgia appellate decisions to the extent that they hold that either OCGA § 24-5-506 (a) or the Georgia Constitution requires law enforcement to warn suspects in custody of their right to refuse to perform an incriminating act." (Footnote omitted.) *Turnquest*, 305 Ga. at 774-775 (4). In *Turnquest*, our Supreme Court held that "neither the Georgia right against compelled self-incrimination, the Georgia right to due process, nor a Georgia statute prohibiting self-incrimination requires law enforcement to provide similar [*Miranda*] warnings to persons arrested for DUI before asking them to submit to a breath test." *Turnquest*, 305 Ga. at 867-868. Accordingly, the officers were not required to give Blazek a *Miranda* warning before asking him if he would submit to the breath test. Accord *Fofanah,* __ Ga. App. __ (832 SE2d at 452 (1)). Because the trial court's order granting Blazek's motion for reconsideration of the order denying his motion to suppress relied solely upon *Price*, supra, and its progeny, we vacate the order and remand for a consideration of other

4

arguments raised by Blazek. "We vacate rather than reverse the trial court's ruling, because the trial court's resolution of the motion to suppress based on *Price* meant that it did not consider alternative arguments for suppression raised by [Blazek]." *Turnquest*, 305 Ga. at 775 (5).

*Judgment vacated and case remanded. McFadden, C. J., and McMillian, P. J., concur.*