**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 6, 2022**

# In the Court of Appeals of Georgia

A22A0576. BLAZEK v. THE STATE.

REESE, Judge.

This is the second appearance of this case in this Court. In *State v. Blazek* ("*Blazek I*"),[1] the State appealed the trial court's decision granting Brian Lee Blazek's motion for reconsideration of the denial of his motion in limine and motion to suppress the results of the State-administered breath test and field sobriety evaluations.[2] The trial court relied upon *Price v. State*,[3] as "binding precedent requiring *Miranda*[4] warnings to precede an officer's request for a breath sample

---

[1] 353 Ga. App. 127 (836 SE2d 213) (2019).

[2] Id. at 127.

[3] 269 Ga. 222 (498 SE2d 262) (1998).

[4] See *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

from an in-custody suspect."[5] After the trial court reached this decision, the Supreme Court of Georgia overruled *Price* in *State v. Turnquest*.[6] Because the trial court relied solely on *Price* in granting Blazek's motion, we vacated the suppression order but remanded for a consideration of other arguments raised by Blazek.[7] On remand, the trial court denied Blazek's motion to suppress, and a jury found him guilty of driving under the influence ("DUI").[8] For the reasons set forth infra, we vacate the denial of Blazek's motion to suppress and remand for further proceedings.

Viewed in the light most favorable to the verdict,[9] the evidence shows the following.[10] Officer Michael Ricks with the Gwinnett County Police Department was dispatched to investigate a called-in complaint that Blazek had possibly been operating an 18-wheel tractor-trailer while intoxicated. Officer Ricks made personal

---

[5] *Blazek I*, 353 Ga. App. at 128-129 (citation and punctuation omitted).

[6] 305 Ga. 758 (827 SE2d 865) (2019).

[7] *Blazek I*, 353 Ga. App. at 129.

[8] See OCGA § 40-6-391(a) (5).

[9] See *Fofanah v. State*, 351 Ga. App. 632, 633 (832 SE2d 449) (2019).

[10] See also *Blazek I*, 353 Ga. App. at 128-129.

contact with Blazek, who was standing next to his tractor-trailer. Ricks noted that Blazek had bloodshot eyes and a strong odor of alcohol coming from his person.

Blazek consented to voluntary field sobriety tests, which indicated impairment. Officer Ricks then asked Blazek to give a sample of his breath into the portable alco-sensor, and he consented. The test was positive for alcohol on his breath.

Officer Ricks determined that Blazek was a less-safe driver because of alcohol impairment and placed him under arrest. Ricks then read Blazek the then-current implied consent notice for civilian drivers, which included a warning that his refusal to submit to chemical testing could be used against him at trial and that his driver's license could be suspended if he tested and the results revealed a blood alcohol concentration of 0.08 grams or more. The officers did not read a *Miranda* warning. Blazek was then transported to the Gwinnett County Sheriff's Office, where he consented to a breath test using the Intoxilyzer 9000.

Blazek filed a motion to suppress the results of the breath test, which the trial court initially denied. The trial court then granted Blazek's motion for reconsideration of that order, which the State appealed. The trial court's order granting Blazek's motion for reconsideration relied upon *Price* as "binding precedent requiring *Miranda* warnings to precede an officer's request for a breath sample from an

3

in-custody suspect[.]" Because the officer did not provide a *Miranda* warning to Blazek before seeking his consent for a breath sample, the trial court granted Blazek's motion to suppress evidence of the State-administered chemical breath tests and field sobriety evaluations.

On the State's appeal, in *Blazek I*, we noted that the Supreme Court had overruled *Price*, holding that "'neither the Georgia right against compelled self-incrimination, the Georgia right to due process, nor a Georgia statute prohibiting compelled self-incrimination requires law enforcement to provide similar *Miranda* warnings to persons arrested for DUI before asking them to submit to a breath test.'"[11] We "vacate[d] rather than revers[ing] the trial court's ruling, because the trial court's resolution of the motion to suppress based on *Price* meant that it did not consider alternative arguments for suppression raised by Blazek."[12]

On remand, the trial court entered a consent order to supplement the record, to reflect a "colloquy," in lieu of holding a hearing on the remaining suppression issues. Attached to the order was an e-mail exchange between the parties, in which Blazek's

---

[11] *Blazek I*, 353 Ga. at 129 (quoting *Turnquest*, 305 Ga. at 758) (additional punctuation omitted).

[12] *Blazek I*, 353 Ga. App. at 129 (citation and punctuation omitted).

attorney stipulated that Blazek had been read the implied consent card that was current at the time, that there had already been an evidentiary hearing, that it was unnecessary to have an officer testify as to this issue, and that Blazek was seeking to suppress because the implied consent warning was misleading under *Elliott v. State*.[13]

Also attached to the consent order was the State's response to the e-mail, in which it agreed that if the reading of the old version of the implied consent notice was the only issue, then the parties could rely on the transcripts from prior hearings and the prior orders and submit the remaining issue to the trial court on the briefs. Blazek's attorney agreed, stating that he would "submit a brief on the matter as this case has already had two hearings and an appellate decision it seems the most economical way to handle this final motion matter."

Blazek submitted a brief to the trial court, arguing that he could not freely and voluntarily consent based on the inaccurate information in the old implied consent notice that he had to comply. Blazek also contended that the warning given was the one for civilian drivers, and that he should have been read the notice applicable to commercial drivers. He argued that these facts "should be considered as part of the

_____

[13] 305 Ga. 179, 223 (II) (E) (824 SE2d 265) (2019).

totality of the circumstances that induced [him] to unwillingly submit to the State's breath test."

The State filed a response brief, in which it claimed that the only issue before the court was "the purely legal issue of whether the reading of the implied consent card used[,] *standing alone*, warrant[ed] suppression of the breath test."[14] The State contended that Blazek had waived any as-applied challenge to the reading of the old version of the notice and to the reading of the civilian notice rather than the commercial driver notice.

The trial court denied the motion to suppress, finding that the reading of the old implied consent notice was not per se coercive. While the reading of the wrong (civilian) notice was potentially an issue in a totality-of-the-circumstances analysis, the court found that the parties had agreed the only issue was a legal one. The court concluded that the trial judge who ruled in the first suppression order had applied the totality-of-the-circumstances test and found that Blazek freely and voluntarily consented.

At trial, Blazek again objected to the introduction of the breath test results on the grounds that the implied consent notice contained an incorrect statement of the

---

[14] (Emphasis in original.)

law and that he should have been read the notice for commercial drivers. The court summarily overruled the objection and allowed the result of the breath test to come into evidence.

Specifically, the jury heard evidence that Blazek's blood alcohol content was 0.186. The jury found Blazek not guilty on the DUI (less safe) charge, but found him guilty of driving under the influence in that he had a blood alcohol concentration of 0.08 grams or more within three hours after his actual physical control of a moving vehicle ended.

Blazek filed an amended motion for new trial, again arguing that he could not have made a knowing and informed consent because the implied consent warning contained misstatements of law and overstated the applicable blood alcohol limit. The trial court denied Blazek's motion, and this appeal followed.

"In reviewing a trial court's ruling on a motion to suppress, an appellate court must construe the record in the light most favorable to the factual findings and judgment of the trial court and accept the trial court's findings of disputed facts unless they are clearly erroneous."[15] However, "[w]hen the evidence is uncontroverted and no question of witness credibility is presented, the trial court's

---

[15] *Fofanah*, 351 Ga. App. at 634 (1) (citations and punctuation omitted).

application of the law to undisputed facts in ruling on a motion to suppress or a motion in limine is subject to de novo appellate review."[16] With these guiding principles in mind, we turn now to Blazek's claim of error.

Blazek argues on appeal that the trial court erred in suppressing the results of his breath test as he did not knowingly and willingly consent and as he was induced by inaccurate statements in the implied consent card and the understating of the legal limit for the type of vehicle he had been driving.

There is no dispute that the implied consent notice improperly advised Blazek that he was required to submit to a breath test and that his refusal to consent to a breath test could be used against him at trial.[17] While there is no dispute that Blazek was not read the notice for commercial drivers, the trial court found in its original order that it was not relevant because Blazek was not charged with commercial DUI. The trial court did not address this issue on remand.

In *Blazek I*, we vacated and remanded specifically because "the trial court's resolution of the motion to suppress based on *Price* meant that it did not consider

---

[16] *Kallon v. State*, 355 Ga. App. 546, 547 (845 SE2d 348) (2020) (citation and punctuation omitted).

[17] See *Elliott*, 305 Ga. at 223 (II) (E).

alternative arguments for suppression raised by Blazek."[18] On remand, however, the trial court found that the only issue before it was a per se challenge to the reading of the old implied consent notice.

The record does not indicate that Blazek waived his argument that he did not voluntarily consent to the breath test under a totality of the circumstances, including the misstatements in the old implied consent notice and the reading of the notice for civilian drivers rather than commercial drivers.[19]

> Although the reading of the implied consent notice may be one factor that is considered in determining whether consent to a breath test was voluntary, the trial court also must consider factors such as a defendant's age, education, capacity, the nature of questioning, and any threats employed. Where a trial court's order does not reflect consideration of voluntariness under the totality of the circumstances, remand is required.[20]

---

[18] *Blazek I*, 353 Ga. App. at 129 (citation and punctuation omitted).

[19] See *Fofanah*, 351 Ga. App. at 636 (2) (b) ("[A]nother significant factor in the inquiry is whether a deceptive police practice caused a defendant to incriminate himself. The failure of the police to advise the accused of his rights is a factor to be evaluated in assessing the voluntariness of an accused's consent.").

[20] *State v. Henderson*, 356 Ga. App. 473, 476 (847 SE2d 833) (2020) (citations omitted).

Accordingly, we vacate the order denying Blazek's motion to suppress and remand for the trial court to consider whether Blazek's consent to a breath test was voluntary under a totality of the circumstances. "We note that our opinion is not a determination that the trial court admitted the test results in error, and so we are not vacating [Blazek']s conviction[ ] or ordering that he be granted a new trial. The trial court, however, is free to order such relief upon remand if it determines that the breath test results should be suppressed."[21]

*Judgment vacated and case remanded. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[21] *Kallon*, 355 Ga. App. at 550 (2).