**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 18, 2025**

# In the Court of Appeals of Georgia

A25A0558. THE STATE v. HERNANDEZ.

MCFADDEN, Presiding Judge.

The state appeals from the portion of a trial court order granting Armida Hernandez's motion to suppress her blood test results on the basis that, due to a language barrier, she did not understand the implied consent warning read to her by an arresting officer.[1] But the officer did not obtain Hernandez's blood for testing pursuant to her purported consent, and instead obtained it pursuant to a search

---

[1] We note that in her appellee's brief, Hernandez has improperly attempted to raise her own claims of error as to the trial court's order. See Court of Appeals Rule 25 (b) (appellee's brief does not include enumeration of errors). While she could have raised such claims in a proper cross-appeal, she failed to file a cross-appeal or otherwise follow the mandatory rules of practice and procedure for such an appeal. See OCGA § 5-7-1 (b). So those issues will not be addressed in this appeal by the state challenging an order "excluding the results of any test for alcohol or drugs[.]" OCGA § 5-7-1 (a) (4).

warrant issued by a magistrate. So we reverse the portion of the trial court's order suppressing the blood test results based on Hernandez's lack of understanding of the implied consent warning. We make no determination as to the validity of the warrant and its execution because those issues were not ruled upon by the trial court.

1. *Facts and procedural posture*

Hernandez was charged by accusation with driving under the influence of alcohol ("DUI"), driving without a valid license, speeding, and failing to maintain a lane. She filed a motion to suppress evidence arising from the traffic stop that had led to the charges. After an evidentiary hearing, the trial court made the following findings of fact in its suppression order.

Hernandez was stopped by police for speeding and failing to maintain a lane. Officers at the scene noted that Hernandez did not speak English. An interpreter was unavailable, so an officer attempted to communicate with Hernandez by using a translation application on his personal cell phone. The officer observed that Hernandez had an odor of alcohol on her breath and watery, bloodshot eyes. Using the translator on his phone, the officer had Hernandez perform field sobriety tests and blow into a portable breath test, after which he arrested her for DUI. The officer then

read the Georgia implied consent notice to Hernandez in English without using the translator. Hernandez did not give consent to a chemical test and she was transported to a police precinct. The officer then applied for a search warrant for Hernandez's blood, the warrant was issued, and her blood was drawn pursuant to the warrant.

The court then denied Hernandez's motion to suppress in part and granted it in part. The court refused to suppress officer body camera footage and Hernandez's pre-custodial statements. But the court ordered suppression of a field sobriety exercise, the portable breath test administered at the scene, and Hernandez's subsequent blood test results. In suppressing the blood test results, the court cited *State v. Ortiz*, 363 Ga. App. 829 (873 SE2d 217) (2022), to support its finding that Hernandez did not voluntarily withhold consent to submit to the test because she did not understand the implied consent notice read in English. This appeal by the state, challenging only the suppression of the blood test results, followed.

2. *Suppression of blood test*

The state asserts that the trial court erred in relying on *Ortiz*, supra, to suppress Hernandez's blood test results. We agree.

In *Ortiz*, despite a language barrier between a DUI suspect and an officer, the officer relied on the suspect's purported consent to obtain a state-administered breath test. *Ortiz*, supra at 831-832. The trial court suppressed the breath test results, and we affirmed that ruling, because the suspect "lacked the capacity to provide actual consent based on the language barrier." Id. at 835 (1).

Pretermitting any language barrier in the instant case, the facts here are materially different from *Ortiz* because, as noted above, the officer did not administer the blood test to Hernandez based on her purported consent. Instead, due to the lack of consent, the officer applied for and obtained a search warrant to seize Hernandez's blood for testing. See *Massey v. State*, 331 Ga. App. 430, 433 (1) (771 SE2d 122) (2015) (officer properly sought and obtained a search warrant to forcibly take blood from DUI suspect); *McAllister v. State*, 325 Ga. App. 583, 585-586 (1) (754 SE2d 376) (2014) (same). Accordingly, the trial court's reliance on *Ortiz* to suppress the blood test results obtained pursuant to a search warrant was erroneous and that part of the court's suppression order must be reversed.

The state further argues that the search warrant was valid and lawfully executed, so the blood test results may not be suppressed. See OCGA § 17-5-30 (a) (2)

4

(evidence seized pursuant to a warrant may be suppressed if the warrant was insufficient on its face, was not supported by probable cause, or was illegally executed). But the trial court has not ruled on those issues since Hernandez did not challenge the search warrant in her motion to suppress, and we will not decide them for the first time on appeal. See *Coleman v. State*, 337 Ga. App. 732, 738 (3) (788 SE2d 826) (2016) (issues that were not ruled on in the trial court cannot be raised for the first time on appeal). See also *State v. Haynes*, 373 Ga. App. 154, 155 (1) (907 SE2d 222) (2024) (if a search warrant is challenged, the trial court provides a first level of review).

*Judgment reversed in part. Hodges and Pipkin, JJ., concur.*